WILLIAM J. KNIGHT, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Where the ruling upon demurrer to a plea in abatement was held to be free from error upon writ of error taken to the appellate court, such ruling is not open for re-consideration upon a subsequent writ of error in the same case sued out in behalf of the same party, though upon the former writ of error the judgment was reversed for other errors found.

2. It is discretionary with the trial court, whether it will permit the plea of not guilty in a criminal case to be withdrawn in order to allow a plea in abatement to be filed.

3. Neither a battery nor a wounding is an essential element of the offences denounced by section 2403 Revised Statutes.

4. An indictment alleging that one W. J. K. in a named county and upon a named date "in and upon one B. B. with a deadly weapon, to-wit a certain pistol which was then and there loaded with gunpower and leaden bullets, and by him the said W. J. K. then and there had and held in his hand, unlawfully, feloniously, of his malice aforethought and

from a premeditated design to effect the death of the said B. B. did make an assault, and the said W. J. K. did then and there unlawfully, feloniously, of his malice aforethought and from premeditated design to effect the death of the said B. B. shoot off and discharge the said pistol so loaded with gunpowder and leaden bullets aforesaid at upon the said B. B. with intent then and there unlawfully, feloniously, of his malice aforethought and from a premeditated design to effect the death of the said B. B. to kill and murder the said B. B., contrary to the form of the statute," &c., sufficiently charges the offense of assault with the intent to commit the felony of murder in the first degree.

5. Parties to a cause have no absolute right to dictate the order in which their requested instructions shall be given; for example that they shall be given immediately before or immediately after the general charge of the court or the instructions given at the request of the opposite party. The matter lies in the discretion of the court, and if this discretion can be controlled by an appellate court at all it is only in cases where the discretion is abused.

6. Where a portion of the charge of the trial court is excepted to and assigned as error, the appellate court in considering such assignment will look to the entire charge, and if the portion objected to when read in connection with the balance of the charge is not erroneous or misleading, such assignment must fail even though the portion objected to, if it stood alone, would be erroneous or misleading.

7. Evidence examined and found sufficient to support the verdict.

Writ of error to the Circuit Court for Alachua County.

The facts of the case are stated in the opinion of the court.

*B. A. Thrasher,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

CARTER, J.

At the Spring term, 1900, of the Circuit Court of Alachua County, plaintiff in error was tried and convicted upon an indictment found at that term, charging an assault with intent to commit the felony of murder in the first degree. Before pleading in bar defendant filed pleas in abatement which, upon the State's demurrer, were held bad. From the sentence imposed a writ of error was taken to this court, where the judgment was reversed and a new trial awarded for error found in an instruction given by the court at the trial (Knight v. State, 42 Fla. 546, 28 South. Rep. 759).

Thereafter, at the Spring term, 1901, defendant moved the court for leave to withdraw the plea of not guilty, and for permission to file a plea in abatement. This motion was overruled and defendant excepted. During the same term defendant filed his motion to quash the indictment upon the following grounds: 1st. It is vague, indefinite and uncertain. 2nd. It does not charge the offense in the language of the statute. 3rd. It charges no offense against the laws of Florida. 4th. It does not set forth the name, or particularize the manner of the commission, of the offense claimed to have been committed. 5th. It does not charge how, or in what manner, or at what place, or upon what portion of the person of Ben Brown the defendant shot off and discharged the pistol. 6th. It does not set forth the offense sufficiently plain to enable defendant to properly make his defense thereto. 7th. It is not so framed, nor is the offense sufficiently specified and described, as that defendant would be able

Knight v. The State of Florida—Opinion of Court.

or permitted to plead former jeopardy. 8th. It is not so grounded, nor is the offense sufficiently specified or set forth, as that defendant would be able or permitted to plead *autrefois acquit*. This motion was overruled. Thereafter, at the same term, a trial was had and the jury rendered their verdict finding defendant guilty of an assault with intent to commit manslaughter and recommending him to the mercy of the court.

From the bill of exceptions it appears that after the parties had concluded their testimony, the defendant requested the court in writing "to give certain instructions in behalf of defendant, after giving the charges for the State," that the court gave such requested instructions, before any other charges were given, and then proceeded to give the jury certain instructions set out in the bill of exceptions of his own motion. The requested instructions so given are not incorporated in the transcript of the record or bill of exceptions, and it does not appear that any instructions were requested on behalf of the State. The defendant excepted to the action of the court in giving his requested instructions prior to giving those given on its own motion. By the charges numbered 1 to 6, given by the court of its own motion, the jury were instructed that the indictment against defendant embraced the charges of an assault, an assault with intent to commit murder in the first degree, an assault with intent to commit murder in the second degree, an assault with intent to commit manslaughter, and an aggravated assault, and each of these offenses was fully defined. Then follows the seventh instruction by which the jury are told that if they believe from the evidence that the defendant assaulted Brown with a deadly weapon, to-wit:

7 S. C.

a pistol, and shot and wounded him, then they should
next examine the evidence to discover if Knight was jus-
tifiable or excusable in such shooting. The circum-
stances under which the act would be justified or excused
in law are then stated with particularity, and the instruc-
tion then proceeds as follows: "If the jury, after exam-
ining the evidence, are satisfied beyond a reasonable
doubt that the defendant Knight assaulted Ben Brown
with a deadly weapon, to-wit: a pistol, and shot and
wounded him therewith, in Alachua County, Florida, and
within two years before the finding of this indictment,
and that he was not justifiable or excusable in doing so,
then the jury should convict the defendant of either as-
sault with intent to murder in the first degree, or assault
with intent to murder in the second degree, or assault
with intent to commit manslaughter, or of aggravated as-
sault, according as they may determine that the facts in
evidence make out one or other of these offences, as I
have defined them in the foregoing charges." By instruc-
tions numbers eight and nine the court defined a reasona-
ble doubt, told the jury that defendant was presumed to
be innocent until proven guilty beyond a reasonable doubt,
and that he was entitled to the benefit of every reasona-
ble doubt, and that the jury were the sole judges of the
credibility of the witnesses and of the weight and suffi-
ciency of the evidence.

The defendant moved for a new trial upon the follow-
ing grounds: 1st. The verdict is contrary to the evidence
and the weight of the evidence. 2nd. The verdict is con-
trary to the law and the charge of the court. 3rd. The
court erred in refusing to give the instructions asked for
by defendant, after the court had given the charges for
and in behalf of the State. 4th. The court erred in

giving instruction number 7. 5th. The court erred in giving that portion of instruction number 7 specially quoted above. This motion was overruled and an exception taken.

Thereafter, in due course, the defendant moved in arrest of judgment upon grounds questioning the sufficiency of the indictment, which motion was overruled. Most of the grounds of this motion are substantially the same as grounds embraced in the motion to quash, but other grounds of the motion in arrest are to the following effect: 2nd. The indictment fails to allege that defendant shot off and discharged the leaden bullets upon the body, limb or person of Ben Brown. 7th. The indictment is insufficient in law, form and substance upon which to base a judgment, and does not charge in sufficient language the description of the commission of the offense of murder as to show from the face of the indictment that murder was intended, or that death could have resulted from the shooting off or discharging of the pistol named therein. The court entered judgment upon the verdict, sentencing defendant to imprisonment in the State prison at hard labor for two years, and from this judgment the present writ of error is taken.

The assignment of errors complains that the court erred in the following rulings: 1. Sustaining the State's demurrer to defendant's plea in abatement. 2. Overruling the defendant's motion to withdraw his plea of not guilty and to file a plea in abatement. 3. Overruling defendant's motion to quash the indictment. 4. Overruling defendant's motion for a new trial. 5. Overruling defendant's motion in arrest of judgment. 6. Entering the judgment and sentence against the defendant.

1. The ruling upon the demurrer to the defendant's plea in abatement having been assigned as error upon the former writ of error taken in this case, and then held by this court to be free from error, is not now open for reconsideration. The first assignment of error must, therefore, be overruled.

II. It is discretionary with the trial court whether it will permit the plea of not guilty in a criminal case to be withdrawn in order to allow a plea in abatement to be filed, and in some of the decisions of this court so holding, doubts are expressed as to whether an appellate court will ever interfere with that decision. Savage v. State, 18 Fla. 909; Adams v. State, 28 Fla. 511, 10 South. Rep. 106; Hodge v. State, 29 Fla. 500, 10 South. Rep. 556. If it be that such discretion will be controlled by an appellate court where it has been abused, no abuse is shown in this case. Pleas in abatement had at a former term been interposed which, upon demurrer, were held bad, and without asking leave to amend them, the defendant submitted to arraignment without objection, interposed his plea of not guilty and went to trial on the merits. No motion to withdraw the general issue or to file another plea in abatement was made until the cause was again called for trial after the judgment of conviction on the former trial had been reversed by this court, and the plea which it was desired to file was not tendered with the motion, nor was its nature indicated to the court. Under such circumstances no abuse of discretion is shown. Hodge v. State, *supra*.

III. The third and fifth assignments will be considered together. The objections to the indictment urged under these assignments of error are that it does not specifically allege that the pistol was discharged upon the *person* of Ben Brown, but only that it was discharged *at* and *upon*

Brown; that it does not allege that a wound was inflicted upon Brown, nor name any part of the body, or limb at or upon which the pistol was discharged; that it fails to allege that the intent or premeditated design existed at the time of the commission of the offense; that it does not charge the offense with such certainty that a conviction or acquittal thereunder could be pleaded in bar of another indictment for the same offense; that it does not set forth the manner of the commission of the offense, the intent with which the assault was committed at the time and place of committing the same, and does not charge an attempt to commit murder in any degree. The statute under which this indictment was found is as follows: "Whoever commits an assault on another with intent to commit any felony punishable with death or imprisonment for life shall be punished by imprisonment in the State prison not exceeding twenty years. An assault with intent to commit any other felony shall be punished," &c. Section 2403 Rev. Stats. It will be perceived that neither a battery or a wounding is an essential ingredient of the offense denounced by this statute. The offense is complete where one person commits an assault on another with intent to commit a felony (Peterson v. State, 41 Fla. 285, 26 South. Rep. 709), and an assault may be committed without either a battery or a wounding. Neither a battery, striking or wounding being an essential element of the offense, it is not necessary to allege either, and of course it being unnecessary to allege them at all, it is unnecessary to allege the particular part of the body or limb upon which they were inflicted. Bishop's Directions & Forms, section 558 and note 6. All the other objections urged to this indictment are fully covered by its language. It alleges that

defendant made an assault in and upon Brown with a deadly weapon—a loaded pistol; that defendant shot off and discharged the pistol at and upon Brown, and that the assault was so made and the pistol was so discharged and shot off unlawfully, of defendant's malice afore-thought, and from his premeditated design to effect the death of Brown, with intent unlawfully, of defendant's malice aforethought and from his premeditated design to effect Brown's death, to kill and murder Brown. Its precise language is that defendant, in Alachua county, on a particular date named, "in and upon one Ben Brown, with a deadly weapon, to-wit: a certain pistol which was then and there loaded with gunpowder and leaden bullets, and by him, the said William J. Knight, then and there had and held in his hand, unlawfully, feloniously, of his malice aforethought and from a premed-itated design to effect the death of the said Ben Brown, did make an assault, and he, the said William J. Kinght, did then and there unlawfully, feloniously of his malice ·aforethought and from a premeditated design to effect the death of the said Ben Brown shoot off and discharge the said pistol so loaded with gunpowder and leaden bul-lets aforesaid at and upon the said Ben Brown, with in-tent then and there, unlawfully, feloniously of his malice aforethought and from a premeditated design to effect the death of the said Ben Brown, to kill and murder the said Ben Brown, contrary to the form of the statute," &c. These allegations are sufficient to charge the offense of an assault with intent to commit the felony of murder in the first degree, as against every objection presented under the assignments of error now being considered and such assignments must, therefore, be overruled.

IV. Under the fourth assignment of error it is con-
tended that the evidence was not sufficient to sustain
the verdict found; that the court erred in giving defen-
dant's requested instructions before, instead of after, its
own charge, and that the seventh instruction given by
the court was so framed as to confuse and mislead the
jury, and to be in conflict with other instructions given
by the court. 1st. There is sufficient testimony to sup-
port the verdict. It is true that there is a direct conflict
between the witnesses produced by the State and the
defendant, but the jury gave credence to those who made
out a case for the State, and nothing appears that will
justify an appellate court in holding that the trial judge
erred in refusing to set aside the verdict. 2nd. The court
gave the instructions requested by the defendant before
any instructions were given. The defendant's request
was that his instructions be given "after giving the
charges for the State." As a matter of fact no charges
were given at the request of the State, but after giving
defendant's requested instructions the court proceeded to
give his general charge to the jury. We are not advised
as to the nature of the requested instructions so given.
If they were so framed that the jury could best under-
stand and apply them when given immediately following
the court's charge, that fact is not made to appear, nor
is there anything in the record which justifies us in say-
ing that the court committed an error in giving its own
charge after, and not before, giving defendant's requested
instructions. The parties to a cause have no absolute
right to dictate the order in which their requested in-
structions shall be given. This is a matter in the discre-
tion of the trial court, and if its discretion in the matter
can be controlled by an appellate court at all, it is only

in cases where the discretion is abused, which does not appear in this case. 3rd. The objections urged to the seventh instruction given by the court relate exclusively to that portion which we have embraced within quotation marks. Considered in connection with the previous instructions defining the offenses included in the indictment, the seventh is not erroneous, confusing or misleading, nor is it in conflict with the other instructions. Under the evidence, if an assault was committed at all, it was committed with a deadly weapon, to-wit: a pistol, and by shooting and wounding Brown with the pistol. If this assault was unlawful, that is not justifiable or excusable, the defendant would be guilty either of an aggravated assault, or an assault with intent to commit the felony of murder or manslaughter depending upon the question of intent. The court in preceding instructions had told the jury that to constitute the offense of assault with intent to commit the felony of murder in the first degree, it must have been perpetrated from a premediated design to effect Brown's death; that to constitute the offense of assault with intent to commit murder in the second degree or manslaughter, it must have been committed with intent to take Brown's life, but that if it was committed with a deadly weapon, the defendant not having a premeditated design to effect Brown's death, the offense would be aggravated assault. These instructions correctly stated the law. Williams v. State, 41 Fla. 295, 26 South. Rep. 184. The specific objection to the seventh instruction urged in argument is that it told the jury to convict defendant if they believed the assault was committed with a deadly weapon by shooting and wounding, if they found that defendant was not justifiable or excusable, and that this authorized the jury to convict of

an assault with intent to commit the felony of murder or manslaughter, though defendant had no homicidal intent. We think this construction of the language of the charge can not be legitimately adopted. The language is that the jury upon finding that an assault was committed in the manner stated, and that defendant was not justifiable or excusable, should convict defendant of either assault with intent to commit murder in the first or second degree, or manslaughter, or of aggravated assault, according as the jury should determine that the evidence made out one or the other of such offenses, as the court had defined them in preceding charges. Taking all the instructions together, no valid objection can be found to the one complained of, and the court did not err in giving it.

The sixth assignment of error is not argued, and must, therefore, be treated as abandoned.

The judgment of the Circuit Court is affirmed.