BELLE THOMAS ALIAS BELLE MANNING, PLAINTIFF IN ERROR, V. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. If a ruling of the trial court in refusing to give an instruction asked for is not excepted to at the time of the refusal, an assignment of error based on such ruling will not be considered by the appellate court.

2. In a prosecution under an indictment charging the murder of Chap Ford a charge to the jury that "if the deceased was sometimes called Chap Ford and sometimes called Chappel White, and the evidence before you convinces you of this fact beyond a reasonable doubt, and the evidence further convinces you beyond a reasonable doubt of the guilt of the defendant, you will find the defendant guilty of such degree of unlawful homicide as the evidence convinces you beyond a reasonable doubt that she is guilty of," is not subject to the objection that it is erroneous because the indictment does not give the name of the deceased as being Chap Ford alias Chappel White, there being evidence upon which to predicate the charge.

3. In a prosecution for murder where the testimony shows that the person killed was known and called by the name alleged in the indictment a conviction will not be set aside because there was testimony that the deceased was also known and called by another name.

4. Where the verdict is sustained by the evidence it will not be disturbed.

This case was decided by Division A.

Writ of Error to the Circuit Court for Holmes County.

The facts in the case are stated in the opinion of the Court.

*W. O. Butler* and *Daniel A. Simmons,* for Plaintiff in Eror.

*W. H. Ellis,* Attorney-General, for the State.

WHITFIELD, C. J.   The plaintiff in error was indicted for murder in the first degree in the Circuit Court for Holmes County for the homicide of Chap Ford, and was convicted of murder in the second degree. From a judgment sentencing her to State prison for life she took a writ of error to the present term of this court.

The first error assigned is that "the court erred in refusing to give special charge No. 1, requested by the defendant, and in not indorsing it 'given' or 'refused.'" The charge referred to was given by the court after striking therefrom two immaterial expressions which did not affect it, and it was marked "given as corrected with explanation." The error assigned is to the refusal to give the charge as requested. This assignment can not be considered as no exception was taken to the refusal to give the charge at the time it was refused. Such refusal could not be excepted to in the motion for a new trial so as to make it reviewable here. Mathis v. State 44 Fla. 46, 34 South. Rep. 287; Carr v. State, 44 Fla. 11, 34 South. Rep. 892; Milton v. State, 40 Fla. 251, 24 South. Rep. 60; Lester v. State, 37 Fla. 382, 20 South. Rep. 232.

The second error assigned is the giving of the special charge requested by the State Attorney which charge is as follows: "If the deceased was sometimes called Chap Ford and sometimes called Chappel White, and the evidence before you convinces you of this fact beyond a reasonable doubt, and the evidence further convinces you beyond a reasonable doubt of the guilt of the defendant, you will find the defendant guilty of such degree of unlawful homicide as the evidence convinces you beyond a reasonable doubt that she is guilty of." This charge was excepted to and the contention here is that it is erroneous because the indictment alleged the name of the deceased to be Chap Ford and not Chap Ford alias Chappel White. There was testimony that the person killed was called Chap. Ford, and other testimony that she was called Chap White. From this testimony the jury could find that the deceased was sometimes called Chap. Ford and sometimes called Chappel White, Chap. being a contraction or an abberviation of Chappel. Taken as a whole the charge is not subject to the objection urged here that it is erroneous because the indictment is "weak for want of an alias." See Hunter v. State, 8 Texas App. 75.

Under the third assignment of error it is contended that there was a fatal variance between the name of the deceased as laid in the indictment and as proved. The indictment alleges the name of the deceased to be Chap Ford. A majority of the witnesses examined on this point testified that the deceased was known as Chap Ford, while others testified that she was known as Chap White.

Where the testimony shows that the person killed was known and called by the name alleged in the indictment a conviction will not be set aside because there was testi-

mony that the deceased was also known and called by another name. Jacobs v. State, 46 Fla. 157, 35 South. Rep. 65.

The only other contention under the third assignment or error is that the verdict should in view of the evidence have been manslaughter and not murder in the second degree. The evidence showed that the defendant and the deceased had a personal difficulty. They were separated and the defendant went to a house some distance away, soon returned with a pistol and shot the deceased who was standing quite near another person. It was for the jury to determine whether the homicide was manslaughter or murder; and they having found the defendant guilty of murder in the second degree, this court will not disturb the verdict on the evidence as it appears in the transcript in this case.

The judgment is affirmed.

CARTER and SHACKLEFORD, JJ., concur.

TAYLOR, HOCKER and COCKRELL, JJ., concur in the opinion.