JOHN J. WARD, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In a prosecution for the unlawful sale of liquor testimony that it is usual for the owner of mills to keep whiskey for his own use and to give to employees under certain circumstances is immaterial and should be excluded.

2. Assignments of error that are not argued in the appellate court will be considered as abandoned.

3. Detached portions of a charge should be considered in connection with the charge as a whole, and with the evidence adduced at the trial; and when so considered, if they are not subject to the criticism urged against them the assignments of error based thereon fail.

4. Where the only objection urged to a charge given is that there was no evidence to authorize it, the assignment fails if there was in fact evidence to support the charge.

5. Where the evidence fully supports the verdict it will not be disturbed.

This case was decided by Division A.

Writ of Error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the Court.

*Daniel Campbell & Son, for Plaintiff in Error.*

*W. H. Ellis,* Attorney-General, for the State.

WHITFIELD, J. An indictment was presented in the Circuit Court for Walton county charging that John J. Ward "did on the 1st day of January, A. D. 1905, unlawfully engage in and carry on the business of a dealer in spirituous, vinous and malt intoxicating liquors in said county of Walton, by then and there selling a certain intoxicating spirituous liquor, towit: whiskey, the said county of Walton having theretofore voted against the sale of such liquors, and the local option provision of law then and there being in operation in said county." The defendant pleaded not guilty, was convicted and took writ of error to the judgment and sentence.

The first assignment of error is expressly abandoned.

At the trial the defense sought to introduce testimony "that it is usual around mills for the owner to keep whiskey for his own use and to give to the employees under certain circumstances." The State Attorney objected on the ground of immateriality and the court sustained the objection. This ruling was excepted to and it is the second assignment of error.

The testimony did not show the defendant to be the owner of a mill who had given whiskey to his employees and even if it were so shown the testimony offered was

immaterial to the issue being tried and there was no error in sustaining the objection to it. ·

The third assignment of error is that "the court erred in charging the jury as follows: 'The precise date mentioned in the indictment is not material, any date within two years previous to the time of the finding of the indictment, which was the 6th day of May, 1905, would be suffi-cient, so far as the question of time is concerned.'" This part of the charge is not argued by counsel; but under this assingnment counsel has argued another part of the charge which is not assigned as error. It is not even suggested that the quoted charge is erroneous.

The fourth and fifth assignments of error are that the court erred in charging the jury as follows: "The law does not regard the mere form of the transaction, it is the substance of the thing the law regards, and no matter what the form of the transaction was, if it was a sale that would be sufficient, so far as the transaction was concerned." "It is necessary to show that there have been one of more sales within Walton county and within the time specified. It makes no difference whether the sale was for money or for something of value, whether it was a cash sale of a sale on time, if in fact there was a sale, one or more sales, by the defendant, it would be a violation of the law." It is urged that the charges were "misleading to the jury; that they would rather indicate that the court was of the opinion that the substance of the transaction, as testified to, would constitute a sale, and it might be questionable in the minds of the jurors as to whether it did or did not; and that the jury might infer from this instruction that any passing of whiskey to another might be a sale."

Detached portions of a charge should be considered in connection with the charge as a whole, and with the

evidence adduced at the trial; and when so considered, if they are not subject to the criticism urged against them the assignments of error based thereon fail. Willingham v. State, 21 Fla. 761; Gray v. State, 42 Fla. 174, 28 South. Rep. 53; Richard v. State, 42 Fla. 528, 29 South. Rep. 413; Knight v. State, 44 Fla. 94, 32 South. Rep. 110; Mathis v. State, 45 Fla. 46, 30 South. Rep. 287; Lane v. State, 44 Fla. 105, 32 South. 896. The charges complained of are parts of the general charge of the court, which considered as a whole and in connection with the evidence is correct and entirely fair to the defendant. The transactions referred to in the charge are those testified to at the trial, and it was expressly charged that it was necessary to show one or more sales before a conviction could be had. The portions of the charge assigned as error taken in connection with the charge as a whole and with the evidence are not misleading and do not invade the province of the jury.

The sixth assignment of error is that the court erred in giving the following charge: "The act of 1901, Chapter 4930, section 1, prescribes a penalty for this offense, and in section 3, it is provided that in prosecution for violation of section 1, it shall not be necessary for the prosecution to prove that the defendant had any interest in the liquor delivered or sold by him or any interest in the money received by a defendant for whiskey or liquor delivered by him, but proof of the delivery of liquor by a defendant and the receipt of money therefor by him, shall be sufficient prima facie evidence of the ownership of the said liquor by a defendant."

The only argument in support of this assignment of error is "that there was no evidence that would authorize the charge." There was testimony that tickets which were good for trade, and which were also good for cash

on pay day, were given to the defendant for whiskey delivered by him, and also testimony tending to show that money was paid to the defendant for whiskey delivered by him at the time and place alleged. This assignment is not sustained. On the subject of this charge see Goode v. State, 50 Fla. 45, 39 South. Rep. 461.

Under the seventh assignment of error it is urged that the evidence does not sustain the verdict. We have carefully considered the evidence and are of the opinion that the verdict is fully sustained by it.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, P. J., and HOCKER and PARKHILL, JJ., concur in the opinion.