Rhodes v. State—Syllabus.

———————

CALVIN RHODES, *Plaintiff in Error,* v. THE STATE OF
FLORIDA, *Defendant in Error.*

Opinion Filed June 9, 1913.

CRIMINAL LAW—ASSIGNMENTS OF ERROR PREDICATED ON
ADMISSION OR REJECTION OF EVIDENCE WHEN
WILL BE HELD GROUND FOR
REVERSAL.

Alleged errors in the admission or rejection of testimony which
do not weaken the effect of the admitted evidence, and that
do not reach the legality of the trial itself, will not be con-
sidered ground for reversal where the evidence leaves no room
for doubt of the defendant's guilt.

Writ of error to the Circuit Court of Lake County.

Judgment affirmed.

*M. L. Mershon,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* for
the State.

TAYLOR, J.—The plaintiff in error was indicted. tried, convicted and sentenced for the crime of assault with intent to murder in the Circuit Court of Lake County, and brings his case here for review by writ of error.

On the cross-examination of the State's witness, Pink Fisher, who was the party assaulted and shot by the defendant, the following question was propounded by the defendant's attorney: "Did not you and this defendant have some previous difficulty shortly prior to the difficulty now in question?" but this question was excluded by the court on objection by the State, and such ruling is assigned as error. While no error would have been committed in permitting this question to be answered, yet we cannot see that the defendant suffered such injury by its exclusion as to justify a reversal. As to the contention that the question was proper to show the animus of the witness towards the defendant, the reply is obvious that the difficulty in which this witness was shot twice, receiving grievous wounds at the hands of the defendant, was fully testified about by the witness, and it was fully calculated to arouse considerable animus in the witness towards the defendant, and the defendant had the full benefit of any presumption of animus on the part of the witness growing out of or engendered by difficulties between them. The question did not tend to elucidate the point as to who was the aggressor in the difficulty.

All of the other assignments of error presented here relate to the exclusion of prior threats made by the party assaulted towards the accused. There was no reversible error in the ruling complained of. At the time of the proffer of such proofs there was no offer to show that they were communicated to the accused in any manner.

Alleged errors in the admission or rejection of testimony which do not weaken the effect of the admitted evidence, and which do not reach the legality of the trial itself, will not be considered grounds for reversal where the evidence leaves no room for reasonable doubt of the defendant's guilt. Hopkins v. State, 52 Fla. 39, 42 South. Rep. 52; Wilson v. State, 47 Fla. 118, 36 South. Rep. 580; Gee v. State, 61 Fla. 22, 54 South. Rep. 458; Owens v. State, decided here at the present term.

We think the evidence sustains the verdict returned beyond any reasonable doubt; and we do not see that the rejected evidence could have changed the result of the trial. Finding no reversible errors, the judgment of the Circuit Court in said cause is hereby affirmed at the cost of the plaintiff in error.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHIT-FIELD, J. J., concur.