WILSON REEVES, ALIAS CHARLIE JAMES, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 21, 1914.

1. Testimony is not to be excluded merely because it is or may be incorrect, or may or may not be prejudicial.

2. Technical errors, if any, in the admission of evidence or in the charges given or refused in a case will not cause a reversal of the judgment when it is apparent that no harm could have resulted thereform.

Writ of error to Circuit Court for Brevard County; James W. Perkins, Judge.

Judgment affirmed.

*Uly O. Thompson* and *Rufus M. Robbins,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—The plaintiff in error having been convicted of murder in the first degree for fatally cutting the deceased, took writ of error.

It was clearly shown that the homicide was committed

on Tuesday, February 3, 1914, as alleged, and the contention that the testimony of a witness that February 3, 1914, was on Monday, should have been excluded by the court of its own motion, is clearly untenable. Even if the point could be material in this case, testimony is not excluded merely because it is or may be incorrect or may or may not be prejudicial.

The defendant testified without objection that he had changed his name from Wilson Reeves to Charlie James and objection was made to the question: "What did you change it for?" on the ground that "it has nothing to do with the crime and as tending to show other specific evidence." The objection was overruled and an exception was noted. In answer to the question the defendant said. "I had killed a man." In view of the testimony of the defendant that he cut the deceased and the other evidence as to the circumstances of the fatal cutting, the above ruling was not harmful, if error.

Exception was taken to a refusal of the court to give the following requested instruction: "Under the statute, the accused can only be punished for such degree of the offense charged against him as the testimony discloses and this notwithstanding a full confession of guilt." This language was used by this court in Green v. State, 40 Fla. 474, 24 South. Rep. 537, in discussing the statute relative to a finding of the degree of unlawful homicide even where there is a confession of guilt on arraignment. The evidence in this case is amply sufficient to sustain the verdict found regardless of the confession put in evidence. This being so, even if the refusal of the requested instruction could be regarded as a technical error of procedure, it could not have injuriously affected any substantial right of the accused; and particularly in view of the full charges given, it does not warrant a reversal of the judg-

ment of conviction. See Chancey v. State, decided at this term.

Even if the evidence of a confession was erroneously admitted, it could not have injured the defendant in view of the evidence of guilt adduced by him and other witnesses. See Moore v. State, decided this term.

The evidence being ample to sustain the verdict, and there being nothing to indicate that the jury were not governed by the evidence, and no material or prejudicial errors of procedure being made to appear, the judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND HOCKER, J. J., concur.

COCKRELL, J., absent, by reason of illness in his family.