REUBEN LAMPKIN, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed Dec. 8, 1915.

An assignment of error based upon alleged improper remarks of counsel in addressing the jury will not be considered unless it is made to appear by the bill of exceptions that the remarks objected to were improper as not being reasonable deductions from the evidence, that a timely objection was taken thereto, the ruling of the court thereon and the exception.

Writ of Error to Court of Record, Escambia County; Kirke Monroe, Judge.

Judgment affirmed.

*Philip D. Beall* and *Robert H. Anderson,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

PER CURIAM.—The plaintiff in error was convicted in the Court of Record of Escambia County on an information containing three counts, charging him with rob-

bery while being armed with a dangerous weapon and with the intent if resisted, to kill and maim the persons robbed.   There was a verdict of guilty on all the counts. The judgment of the court as shown by an amendment to the record filed here about a month and a half after the return day of the writ is as follows: "This cause came on this day for sentence, and the defendant being present in court: It is therefore considered by the court that the said defendant do be sent to the State Prison at hard labor for a period of 4 years on each of the 4 counts."

The information is not defective and the sentence on each count runs concurrently.   So it is unnecessary to send the case back for a correction in the sentence.

The only assignments of error are based upon matters *in pais* which could be exhibited only by a bill of exceptions.   The document which purports to be a bill of exceptions is not made up in the form prescribed by the rule, and there is doubt whether the name of the judge which appears to have been affixed to the document was intended to be affixed merely to the order overruling the motion for a new trial and order granting time within which to present a bill of exceptions.   However, treating the document as a bill of exceptions, it contains none of the evidence adduced at the trial, therefore nothing to show that the remarks of the Solicitor were improper as not being reasonable deductions from the evidence.   The document does not show any ruling by the court on the defendant's "exception."   From anything appearing to the contrary, the court corrected the error by appropriate instructions if error was committed.   We cannot  assume that the court failed to perform its duty.   See Young v. State, decided this term.

The judgment of the court is affirmed.

All concur, except COCKRELL, J., absent on account of sickness.