MARY WILKINS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion filed March 28, 1918.

1.  An indictment in the form prescribed in Section 8 of Chapter 4930 Acts of 1901, charging the accused with carrying on the business of a dealer in liquors is not fatally defective if it

fails to charge that he sold or caused to be sold spirituous, vinous or malt liquors.

2. When a person under prosecution for a second offense of the unlawful selling of liquor, is charged in the information under one name, it is not error to admit evidence of a former conviction under a different name, for the like offense, when the proof is clear that the defendant is one and the same person.

3. In a prosecution under the provisions of Section 3, Chapter 6861 for a second offense, it is not necessary to prove that the former conviction was in the same county in which the indictment for the second offense is pending.

4. A person may be tried and convicted of a second offense under Section 3, Chapter 6861 in a different county from that in which the first conviction was had, if both offenses were committed in the State of Florida.

5. Technical errors in the admission of evidence that are not vital, will not cause a reversal of a judgment when the testimony clearly establishes the guilt of the accused, and the judgment is in accord with the law and the charge of the court.

6. Where an election has been held to determine whether the sale of intoxicating liquors shall be prohibited in any county, the status established by the votes of the people attaches to the territory, and if subsequently a new precinct is created of a part of a dry precinct, and of a part of a wet one, the conditions which existed in the territory out of which the new precinct is created attach thereto, and the portion of the precinct which was formerly part of a dry precinct remains dry, and the portion which formerly was part of a wet precinct, remains wet until changed by an election.

Writ of Error to Circuit Court for Bay County, D. J. Jones, Judge.

Judgment affirmed.

*W. H. Price, W. C. Price* and *J. R. Wells,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

BROWNE, C. J.—Mary Wilkins was convicted in the Circuit Court of Bay County, for violation of Section 3, Chapter 6861 Acts of 1915, which forbids the selling or causing to be sold any intoxicating liquors, wines or beer, in any county or precinct which has voted against the sale of such liquors, having been before convicted of the like offense, and seeks reversal here on writ of error.

The indictment charges that Mary Wilkins "did unlawfully engage in and carry on the business of a dealer in liquors in that part of Bay County, Florida, which, prior to the formation of Bay County, Florida, constituted and formed a part of Washington County, Florida, and when the said Washington County had, prior to the formation of Bay County, aforesaid, voted against the sale of such liquors aforesaid, and when Bay County aforesaid, up to the time of filing this indictment, had not held any election to determine whether such liquors aforesaid may be legally sold in said Bay County, Florida, and when she, the said Mary Wilkins, had been convicted in the County Court of Calhoun County, Florida, on the 17th day of August, 1916, of the offense of engaging in and crrying on the business of a dealer in liquors in Calhoun County, Florida, which said County of Calhoun has voted against the sale of said liquors."

One of the grounds of the attack on the indictment is

because it is framed substantially in the statutory form for a first offense, whereas the defendant is charged with a second offense, which is one of higher degree. The sufficiency of an indictment framed under authority of Section 8, Chapter 4930, Acts of 1901, has been sustained. by this court in the following cases: Hallbeck v. State, 57 Fla. 15, 49 South. Rep. 153.; Ladson v. State, 56 Fla. 54, 47 South. Rep. 517; Crabb v. State, 47 Fla. 24, 36 South. Rep. 169; Brass v. State, 45 Fla. 1, 34 South. Rep. 307.

In Brass v. State, *supra,* the court said: "Does the omission of the word 'intoxicating,' before the word 'liquors,' in the form of information provided for by the statute infringe this rule? We think not. The word 'liquor' may be used in either of two senses. The first is practically synonymous with 'liquid.' The second as given in Webster's Dictionary is '2. Specifically, alcoholic or spirituous fluid either distilled or fermented, as brandy, wine, whiskey, beer, etc'." In common parlance the word is universally understood in the latter sense when used as it is here in speaking of a dealer in liquors. This being true, when the statute first prescribed a penalty for dealing in intoxicating liquors and then prescribed a form of indictment to be used in prosecuting for a breach of this law, using therein only the word 'liquors,' it is beyond cavil that the word is used in the special sense of intoxicating liquors as above defined, and that under such an indictment the sale only of such liquor can be shown."

This seems to dispose of the contention of the plaintiff in error that the indictment is fatally defective in that it fails to charge the defendant sold or caused to be sold either spirituous, vinous or malt liquors.

The conviction is also attacked because the court per-

mitted over the objection of defendant, the admission in evidence an information against Mary Lucas, and a certified copy of the sentence and judgment entered against one Mary Lucas in Calhoun County, Florida. The testimony established beyond any doubt that the Mary Lucas who was informed against, plead guilty and was sentenced in Calhoun County, was the same person who was then on trial as Mary Wilkins. We find no error in this ruling of the court.

The introduction of this testimony was also objected to upon the ground that in order to bring the acts of the defendant within the provision of Section 3 of Chapter 6861, for a second offense, the first conviction must have been in the same county in which the indictment for the second offense is pending. We cannot so hold. The offense described in the Act, and that committed by the defendant, were against the laws of the State of Florida. There is nothing in the purpose of the law, nor the spirit of our laws which sanctions that construction. All disabilities or disqualifications which attach to the violation of law, run throughout the entire State. The conviction of a person of certain crimes disqualifies him from serving on a jury, and from exercising the elective franchise, and the disqualification runs throughout the State and is not limited to the county in which he was convicted.

The sixth, seventh and eighth assignments of error, relate to the ruling of the court on the objection of counsel for defendant to certain testimony. The defendant took the stand in her own behalf and with the exception of the statement that she had never sold liquor to anybody in Bay County, confined her testimony entirely to the transactions of the night when it is claimed she made the sale of the whiskey. On cross-examination she

was asked this question over the objection of her coun-
sel: "Did you have a conversation with Mr. Irwin
since he has been Deputy Sheriff or just before you
moved back here in which you told him that you were
going to come back here and open up a house, and that
you were going to sell something on the side, and that
if he would stick by you that it would be money to
him?"

Objection by the defendant to this question on the
grounds that "it was irrelevant and immaterial to the
issues and not in cross," being overruled and exception
taken, the witness answered, "I didn't have any conver-
sation about selling any liquor with him, it was about
opening up my place. I didn't want to sell whiskey."

The State then put Mr. Irwin on the stand and asked
him this question: "Did you have a conversation with
Mary Wilkins just before she moved back here with
reference to her moving back?" to which he replied "Yes
sir."

"Whereupon counsel for defendant objected to this
testimony upon the ground that it was not contradictory
to anything testified to by Mary Wilkins on direct exam-
ination, that it was irrelevant and immaterial, and that
a proper predicate had not been laid. Without any
ruling from the court on the objection, the State's Attor-
ney asked that the defendant take the stand for the
purpose of asking the question in a diffeernt form;
whereupon Mary Wilkins being recalled was asked,
'Mary, did you have a conversation about the first of
the year in Panama City here, in which you told him
that you wanted to move back here with the women and
open up a house and sell some liquor on the side, and
that if he would stick to you it would be money in his
pocket?' "

To this question an objection was made by the defendant, which objection was overruled by the court and exception noted, and without the witness having answered the question, Irwin was recalled by the State and over the objection of the defendant testified as follows: "The first I knew of it a negro woman came to the court house with Mary and they said they wanted to see me, and Mary Wilkins told me that when I had time to come to the house, that she wanted to talk with me. The next afternoon I went down there and went in her room and sit down. She said, 'I want to come back here, it is going to be better back here, provided I can make matters right for you;' says, 'I want to rent to the women and sell a little whiskey on the side;' she says: 'If you will protect me in it, it will mean money to you;' she said, 'I don't mind Mr. Russ.' I said, 'Mary, you can come back if you want to.' I said, 'You look out for me and I will look out for you.' "

The defendant then moved to strike this testimony of Mr. Irwin on the grounds that "it is not contradictory to anything brought out on direct examination. Impeachment will not lie as to matters about which the witness did not testify to on direct examination; it does not differ from anything she testified to."

The question as first propounded to the prisoner was objectionable in that it did not lay the proper predicate, nor was the statement by her that she was "going to sell something on the side" a material one on which she could be impeached. Whatever criticism may be made of an attorney for asking a palpably improper question whereby an ignorant negro is led into giving damaging testimony against herself, we do not think that in this instance it was such prejudicial error as to justify a reversal in view of all the testimony in the case, which

strongly established the guilt of the prisoner.    It is well settled in this State, that technical errors in the admission of evidence that are not vital will not cause a reversal of a judgment when the testimony clearly establishes the guilt of the accused, and the judgment is in accord with the law and the charge of the court and the evidence.    Reeves v. State, 68 Fla. 96, 66 South. Rep. 432; Rhodes v. State, 65 Fla. 541, 62 South. Rep. 653; Owens v. State, 65 Fla. 483, 62 South. Rep. 651; Gee v. State, 61 Fla. 22, 54 South. Rep. 458; Sallas v. State, 61 Fla. 59, 54 South. Rep. 773; Goff v. State, 60 Fla. 13, 63 South. Rep. 327.    Without the testimony of the witness Irwin tending to impeach the testimony of the defendant, there was sufficient evidence before the jury upon which to find a verdict of guilt.

So far, the members of the court are in entire accord; but on the third, thirteenth and fourteenth grounds of the motion to quash the indictment the other members of the court differ with the writer of this opinion, and they hold that where an election has been held to determine whether the sale of intoxicating liquors shall be prohibited in any county, that the status established by the votes of the people attaches to the territory, and if subsequently a new precinct is created, partly of a dry precinct and partly of a wet one, that the conditions which existed in the territory out of which the new precinct was created, attach to the territory in the new precinct, and the portion of the precinct which formerly was part of a dry precinct remains dry, and the portion which formerly was a part of the wet precinct remains wet.    The case of McGriff v. The State, 66 Fla. 332, is considered by the other members of the court as conclusive on this proposition, and it is therefore the decision

of this court that the indictment is sufficient and that the judgment of the lower court should be affirmed.

The views hereinafter expressed and the discussion of the sufficiency of the indictment in failing to allege in what election district the defendant carried on the business of a dealer in liquors, are not concurred in by the other members of the court, but express the opinion of the Chief Justice who dissents from the decision on this point.

The third, thirteenth and fourteenth grounds of the motion to quash, are:

"3. That said indictment does not allege in what election district the defendant carried on the business of a dealer in liquors."

"13. That said indictment does not allege that the defendant prior to the filing of this indictment has been convicted of selling or causing to be sold spirituous, vinous or malt liquors in any county or precinct which has voted against the sale of such liquors under the provisions of Article 19 of the Constitution of Florida."

"14. That said indictment does not allege that the defendant sold or caused to be sold any spirituous, vinous or malt liquors in any county or precinct which had voted against the sale of such liquors under the provisions of Article 19 of the Constitution of the State of Florida."

Article XIX of the Constitution contains this provision: "That intoxicating liquors, either spirituous, vinous, or malt, shall not be sold in any election district in which a majority vote was cast against the same at the said election."

Section 3, Chapter 6861, Laws of Florida, Acts of 1915, under which defendant was convicted provides: "Selling Liquors in Counties and Precincts Voting Against

Such Sale. Whoever sells or causes to be sold any intoxicating liquors, wines or beer in any county or precinct which has voted against the sale of such liquors, under the provisions of Article XIX of the Constitution of the State of Florida, shall be guilty of a misdemeanor."

Article XIX of the Constitution, and the laws enacted by authority thereof, recognize no subdivision of a county less than an election district or precinct. The indictment herein, describes an act which may have been committed in a subdivision of an election district or precinct, part of which may have been what is called wet territory. Thus the election district or precinct wherein the sale was made, may be composed of a part of Washington County which was dry, and a part of Calhoun County which was wet when Bay County was established. We would then have a precinct which was dry in spots, thus making a subdivision of a county less than an election district or precinct. I do not think this is authorized either by the Constitution or the statutes. There may be wet and dry election districts or precincts in the same county, but a precinct canot be composed of territory, part of which is wet and part dry. The subdivision of the county into districts or territory less than an election district or precinct, in part of which the sale of liquor may be prohibited, and permitted in a part, is not authorized by the Constitution or the laws as they now exist, and if a unit less than an election district or precinct is to be established it must be done by judicial interpretation amounting to an amendment of the Constitution and the laws enacted thereunder.

The indictment does not allege that the offense was committed in a "county or precinct" which has voted against the sale of intoxicating liquors, but is ingeniously worded to fit a situation that would exist if the pre-

cinct where the sale took place was composed of terri-tory that prior to the creation of Bay County, lay partly in Washington, a dry county, and partly in Calhoun, which the State concedes was a wet county at the time Bay County was established. This description 'is not in accord with the language or the spirit of Article XIX of the Constitution or laws enacted thereunder, which do not provide for a subdivision of a county less than a precinct, within which the sale of intoxicating liquors may be prohibited. A county may be dry in spots and wet in spots,—the spots being election precincts—but the constitution does not provide for a further sub-division so that part of a precinct may be dry and part wet.

The case of McGriff v. State, *supra,* presents a differ-ent condition. There the entire territory out of which Seminole County was created was dry territory, and there was no situation as in this case where there is a unit less than a precinct wherein the sale of liquor may be prohibited.

Under the law as established by the instant case, a precinct could be created out of three other precincts, and there could be a dry district sandwiched in between two wet ones, and vice versa. I do not think this is contemplated or sanctioned by Art. XIX of our Con-stitution.

The judgment is affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.

BROWNE, C. J., dissents from the conclusion reached as to the sufficiency of the indictment.