FRANK WALKER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion Filed May 20, 1927.

1. In the trial of a criminal case a plea in abatement should be interposed and disposed of before a plea in bar if it is desired to plead any fact in abatement of the writ.

2. Where the Governor, because of the disqualification of the State Attorney of a Circuit when a prosecution for crime is pending, designates the State Attorney of another Circuit to act in place of the officer disqualified, the official acts of

the officer designated are valid as to third persons and his right to exercise the duties of the office can be inquired into only in some direct proceeding for that purpose.

3. A presumption exists in favor of the regularity of all proceedings of the Circuit Court and the record should show affirmatively the existence of error where a judgment of that court is attacked.

4. A motion for a continuance in a criminal case is more closely examined usually than in a civil case because of the stronger and more impelling motive for delay.

5. A motion for continuance in a criminal case based upon absent witnesses is not improperly overruled where it does not clearly appear that due diligence was observed in securing the presence of the witnesses or their testimony; nor the reasonableness of the belief that it would be obtained at the next trial; nor that the testimony of such witnesses would be clearly admissible and where a continuance had been granted at the preceding term at the defendant's request.

6. The existence of threats made by the defendant against the injured party and the possession of a pistol by the defendant a short while before the shooting are relevant facts tending to show animus and ability to do injury.

7. A charge that a premeditated design on the defendant's part to kill some one other than the deceased and that in the execution of that design the defendant killed another person was sufficient to support that element in the crime of murder is not error when in connection with other portions of the charge the law upon murder in the first degree was fully given.

8. Where a careful examination of the record fails to disclose that an alleged error resulted in a miscarriage of justice the verdict will not be disturbed.

A Writ of Error to the Circuit Court for Union County; A. Z. Adkins, Judge.

Judgment affirmed.

*Joe Hill Williams,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, C. J.—Frank Walker was indicted for the murder in the second degree of Clyde Wilkerson and convicted of manslaughter. He seeks a reversal of the judgment on writ of error.

The first assignment of error rests upon an order of the Court striking a plea in abatement upon motion of the State. The grounds were that the pleas did not "meet the requirements of the rules governing the filing" of such pleas; that they were not sufficiently certain; that they were "not so drawn as to obviate the possibility of special answers" and that they state or attempt to state mere conclusions of law.

The record shows that the indictment was filed May 24, 1926, and that the defendant was arraigned and pleaded not guilty, "and afterwards," on the same day, he interposed his plea in abatement.

The record does not show that leave was obtained to withdraw the plea of not guilty nor to file the pleas in abatement. Upon the filing of the pleas the motion to strike was made and the next day granted.

A plea in abatement must be interposed and disposed of before a plea in bar. A plea of not guilty is a waiver of the right to plead in abatement in a criminal cause. See Hodge v. State, 29 Fla. 500, 10 South. Rep. 556; Ellis v. State, 25 Fla. 702, 6 South. Rep. 768; Mercer v. State, 83 Fla. 555, 561; *92* So. *535*; Shumake v. State, 105 So. 314.

The pleas interposed related to the drawing, summoning

and organization of the grand jury which found and returned the indictment. See Ellis v. State, *supra;* Gladden v. State, 13 Fla. 623; Burroughs v. State, 17 Fla. 643; Knight v. State, 44 Fla. 94, 32 South. Rep. 110.

That assignment is not sustained.

The defendant was placed on trial on November 22, 1926. The State Attorney for the Ninth Judicial Circuit, Mr. L. D. McRae, appeared for the State prosecuting in its behalf. Union County is in the Eighth Judicial Circuit and Mr. J. C. Adkins was then the State Attorney for that Circuit. At that time there were two indictments pending in the Circuit Court for Union County against Frank Walker. One for murder in the second degree and the other for assault with intent to murder òne Carl Norman.

Mr. McRae presented an executive order dated November 16, 1926, designating and appointing him to ''perform and do all matters and things necessary to be done and performed by the State's Attorney'' of the Eighth Circuit in the ''trial of the above cause.'' The cause was designated in the order as State of Florida v. Frank Walker.

The defendant, by his attorney, objected to Mr. McRae under the executive order prosecuting the case at bar in place of Mr. Adkins, the State Attorney for that Circuit. The grounds of the objection being that the order did not specify with sufficient particularity the cause in which Mr. McRae should act as State Attorney in place of Mr. Adkins, who was disqualified. The motion was overruled and such action is the basis of the second assignment of error.

The authority for the executive order exists under Section 3009, Revised General Statutes. It empowers the Governor to assign any State Attorney to discharge the duties of State Attorney in any Circuit of the State at any regular or special term of the Circuit Court where the State Attorney for the Circuit shall be disqualified to represent the

State in any case pending in the Circuit Court of his Circuit. The section was held to be valid in Stone v. State, 71 Fla. 514, 71 South. Rep. 634.

It is doubtful if the defendant in the case could raise the point as Mr. McRae was a State Attorney, an officer named in the Constitution and was acting under color of authority. His acts as to third persons are valid and his right to exercise the duties of the office can be inquired into only in some direct proceeding for that purpose. See State v. Gleason, 12 Fla. 190.

In any event the record fails to disclose affirmatively that the case at bar was not the case referred to in the executive order in which the State Attorney of the Eighth Circuit was disqualified. As the presumption is in favor of the regularity of all proceedings in the Circuit Court the record should show affirmatively the existence of error if the judgment is to be set aside on account of the alleged invalid proceeding. See Burk v. Clark, 8 Fla. 9; Colson v. State, 51 Fla. 19, 40 South. Rep. 183; Putnal v. State, 56 Fla. 86, 47 South. Rep. 864; Adams v. State, 56 Fla. 1, 48 South. Rep. 219; Fails v. State, 60 Fla. 8, 53 South. Rep. 612; Ann. Cas. 1912B, 1146n.

The second assignment of error is invalid.

A motion for a continuance was made and overruled and the alleged error constitutes the ground for the third assignment of error.

The cause was continued on defendant's motion in May, 1926. When the case was called in November a motion to continue it was made by the defendant and denied. The motion is not set out in full in the bill of exceptions but the affidavit of the defendant in support of it is. The motion was based upon the absence of two witnesses. One could not be found and the other was sick. There was no physician's certificate of the illness of the witness which

might show whether it was of such degree of seriousness as to prevent his attendance in obedience to the subpoena. The other could not be found and it was not shown that his testimony might reasonably be expected to be produced at the next trial.

The evidence which the two absent witnesses would give, it is averred, consists of threats said to have been made not by the deceased but by a person named Norman, who it seems was the person whom the defendant was charged with assaulting at the time Wilkerson was killed.

The witness who could not be found, it is averred, would testify that the threat was communicated to the defendant. The threat was made by Norman against the defendant to kill the latter. The other witness who was ill and did not appear would testify that he also heard the threat but would not testify that it was communicated to the defendant.

The case was one in which a man, a bystander, was killed by the defendant while he was making an effort to shoot someone else, according to the affidavit; that the effort to shoot such other person was justified upon the ground of self-defense.

It is not apparent that the refusal of the motion was an injustice or injury to the defendant because the alleged threat by Norman against the defendant if not communicated to him was of doubtful admissibility. See Wilson v. State, 30 Fla. 234, 11 South. Rep. 556, 17 L. R. A. 654n.

One continuance had been granted at the defendant's request and he had thereby more than six months in which to prepare his defense. The witness who could not be found when a subpoena for him was issued might have with proper diligence been located if the subpoena had been issued in due time and the fact of his absence made known. A motion for a continuance in a criminal case is more closely examined usually than in a civil case because of the stronger

and more impelling motive to obtain delay. See Reynolds v. Smith, 49 Fla. 217, 38 South. Rep. 903; Hall v. State, 70 Fla. 48, 69 South. Rep. 692.

The third assignment of error is not sustained.

We have examined each of the assignments of error based upon the objections to evidence. They are numbered six, seven, eight, nine, ten, eleven, twelve, thirteen and fourteen. The arguments under these assignments consist principally in a statement of the objection constituting the basis of the assignment and a reference to the argument in support of the sixth assignment. That assignment was not well founded. A witness, Norman, was permitted to testify that the defendant had been seen by the witness with a pistol a short while before the assault and during the same night. The defendant had made a threat against the witness to kill him. The possession of the pistol under the circumstances tended to show both animus and ability to execute that threat. See Rhodes v. State, 65 Fla. 541, 62 South. Rep. 653.

It is unnecessary to discuss the basis of the eight assignments as they rest upon testimony as to the same nature or character of acts or transactions occurring shortly before the difficulty.

The Court charged that if the defendant had a premeditated design to kill some one other than the deceased and in his effort to execute it killed the deceased he would be as guilty as if he had effected his purpose. This proposition taken in connection with the other portions of the charge was not error. See Hall v. State, *supra.*

Besides the defendant was convicted of a lesser degree of homicide than defined by the charge which was correct so far as it applied to the offense with which the defendant was charged.

An examination of the record fails to disclose that any

alleged error of which complaint was made resulted in a miscarriage of justice. See Section 2812, Revised General Statutes.

The judgment of the Court is affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.