GLEN PENDLETON v. STATE.

178 So. 835
Division A.
Opinion Filed October 28, 1937.

*T. Franklin West,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—Plaintiff in error, having been convicted of the offense of robbery from the person of another while being armed with a dangerous weapon, brings the judgment for review on writ of error. He presents six questions for our consideration, as follows:

"1.  In this trial did the court err in refusing to grant the defendants a new trial?"

"2. Did the trial court err in overruling the objections of the defendants, to certain opening statements made by the State's Attorney to the Jury and to certain evidence introduced by the State?"

"3. Did the court err in refusing to allow the jury to view the automobile stated to have been used in this alleged crime?"

"4. Did the State prove that the defendants were present at the time it was alleged the crime was committed?"

"5. Is the testimony of the State's witnesses, as to identity of the defendants or as to what the defendants were doing and wearing, sufficient upon which to base a conviction, when the identity of the defendants, or the identity of the crime alleged to have been committed, appears to have been obtained under circumstances bearing earmarks of falsehood or uncertainty?"

"6. Whenever three defendants are tried for committing such a serious crime as 'Armed Robbery' shouldn't the evidence upon which to base a conviction be more positive, direct and conclusive?"

The fourth, fifth and sixth questions may be answered together by saying that the evidence adduced by the State if belived by the jury was quite sufficient to warrant the appellate court in refusing to disturb the verdict. See Ward v. State, 51 Fla. 133, 40 Sou. 167; Thomas v. State, 49 Fla. 123, 38 Sou. 516; Broxson v. State, 99 Fla. 1187, 128 Sou. 627.

Answering remaining questions will answer the first question.

The second question is without basis in the record as there is no showing in the record of the language used by the State's Attorney which was the ground of the objection stated. Without having the record of the remarks made

by the State's Attorney, the appellate court cannot hold that reversible error was committed. See Lampkin v. State, 70 Fla. 448, 70 Sou. 440, and cases there cited.

The third question challenges the action of the court in denying the plaintiff in error's motion to direct the jury to view the automobile in which it was alleged the plaintiff in error and his accomplice went away from the scene of the crime. We can only say that no error is made to appear here.

Plaintiff in error in this regard shows in his brief:

"In my opinion the court did err in refusing to allow the jury to view the automobile. The car was available, and as it was an important instrument in the commission of the alleged crime this right should have been given to the jury as the defendants were entitled to each and every protection they had under the law.

There is no showing in the record that the automobile was present at the place of the trial, nor is there any showing that any effort had been made to have the automobile brought to the court for the purpose of being inspected by the jury. The following remark appears in the record as having been made by the trial judge in connection with this matter:

"The Court: In order that the jury may understand, I will state that either party might have produced the automibile here under process of the court. I don't think either party is to blame any more than the other for its non-production. If it had been thought of sooner, I feel sure one or the other would have had it here, but we couldn't stop in the middle of the trial."

The record does not show any abuse of discretion upon the part of the trial court in not directing the jury to view the automobile. See Tully v. State, 69 Fla. 662, 68 Sou.

934; Crawford v. State, 70 Fla. 323, 70 Sou. 374; Washington v. State, 86 Fla. 533, 98 Sou. 605.

The judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.