ERVIN, Chief Justice
(concurring specially) .
This is another of several recent cases before this Court which involve codefen-dants being jointly represented by one public defender. On May 19, 1967 Petitioners Pearson and Thornell were tried together and found guilty of committing aggravated *737 assault. They each were sentenced to five years in the State Penitentiary. Once the trial had begun, and after the State had rested, the public defender evidently had reason to believe for the first time that his clients’ defenses were antagonistic. Pearson claimed self defense. Thornell claimed that he did not attack the victim, but merely tried to restrain him from fighting Pearson. Accordingly, defense counsel orally moved for a mistrial and for severance of the cases against the codefendants. Because the State had arranged for an out-of-state witness to be present, and because the trial judge was unable to find another public defender to immediately assume one of the codefendants’ cases without requiring the State to again present its entire case, the judge denied defense counsel’s motions, finding that they had been made “too late,” the trial having already begun. The judge reached this' decision despite acknowledging that codefendants’ defenses ostensibly appeared in conflict.
On July 23, 1968 the District Court of Appeal, Third District, 213 So.2d 616, entered its decision affirming the lower court. The District Court’s opinion disposed of several issues but did not discuss the issue of the trial court’s failure to provide Petitioners with separate counsel although various motions attempting to obtain them had been made during the trial. While the District Court’s reluctance to discuss this issue in its opinion of July 23, 1968, is understandable in view of the token effort by Petitioners’ counsel to properly frame this issue in presenting their appeal (in deference to Petitioners’ counsel, leading and amplifying decisions in this area were rendered subsequent to the filing of Petitioners’ briefs)/ the fact remains that in the petition for rehearing which was denied by the District Court on September 17, 1968, the issue of joint counsel was strongly asserted. The District Court, therefore, did have the trial judge’s denial of separate counsel squarely before it, and in denying the petition for rehearing the District Court affirmed the trial judge specifically on this issue.
Though in the instant case the motion for separate counsel was made after the trial had begun, there nevertheless is direct conflict with our recent decisions in Baker v. State (1967), 202 So.2d 563; Belton v. State (1968), 217 So.2d 97, and State v. Youngblood (1968), 217 So.2d 98. Inherent in these decisions is the recognition that such a motion made in good faith at or during the trial should be honored by the trial judge unless the State can clearly demonstrate there is no prejudice and conflict of interest in having codefendants jointly represented by one public defender. State v. Youngblood, supra, at 101.
The trial judge, therefore, acted incorrectly procedurally in denying defendants’ motion for separate counsel, the State failing at that time to meet its burden of rebutting the alleged conflict. (In deference to the trial judge, his ruling preceded this Court’s recent decisions referred to above on this subject.) However, after examining the record, it is clear that defendants’ testimony concerning their defenses, originally thought to be in prejudicial conflict, was actually consistent and not antagonistic. The record is not silent on this question as it conclusively establishes the absence of prejudice stemming from joint representation of codefendants. Therefore, under these circumstances, the trial judge’s denial does not constitute reversible error. Consequently, I concur in this Court’s judgment that the writ should be discharged, not on the ground that it was improvidently issued, but rather on the merits that the error committed in the trial court was harmless. Walker v. State (1927), 93 Fla. 1069, 113 So. 96. Ordinarily, however, the safest course procedurally under such circumstances would be for the trial judge to grant the severance and avoid the possibility of prejudice entering subsequent stages of the trial and producing trial unfairness for the codefendants.