THE STATE vs. BLŒDOW, imp.

CRIMINAL LAW. *(1) When special intent of act to be pleaded and found. (2) Verdict held bad for not finding such intent. (3) When verdict will sustain judgment for lower offense than that charged.*

1. In criminal law, when a special intent, beyond the natural consequences of the thing done, is essential to the crime charged, such special intent must be pleaded, proved *and found.*

2. Where defendant had destroyed the eye of a person by throwing a stone at him, the information for mayhem charged the malicious intent in the words of the statute. Verdict that defendant was "guilty as charged in the information, *with the malicious intent as implied by law.*" Held, that this does not find the malicious intent as a fact with sufficient certainty to sustain a judgment for mayhem.

3. But, the information charging an assault and battery, the verdict will sustain a judgment for that offense.

REPORTED by the Judge of the Municipal Court of *Milwaukee* County.

Defendant was tried upon an information, the third count of which charged that, on etc., said defendant, "contriving and intending the said John Meunier to maim and disfigure, in and upon the said John Meunier unlawfully, willfully and maliciously did make an assault; and that he, the said *Charles Blœdow*, with malicious intent then and there to maim and disfigure the said John Meunier, the left eye of him, the said John Meunier, unlawfully, willfully and maliciously then and there did put out and destroy." The verdict found defendant "guilty as charged in the third count of the information, with the malicious intent as implied by law."

The judge of the municipal court reported the case to this court, under the statute, for a determination of the question, whether, upon the verdict, any punishment could lawfully be inflicted on the defendant.

*James Hickcox*, for the defendant.

*F. W. Cotzhausen*, of counsel, for the state.

RYAN, C. J. The defendant was charged with mayhem. The statute defining the crime requires the assault to be made

with malicious intent to maim or disfigure. Maiming without intent to maim is not within the statute. The information charged the malicious intent in the words of the statute. The verdict found the defendant guilty, as charged in the information, with the malicious intent as implied by law. And the question certified here by the court below is, whether the defendant can be punished upon the verdict.

Generally, the law will imply an intent to do the thing done. But, in criminal law, when a special intent, beyond the natural consequences of the thing done, is essential to a crime charged, the special intent must be pleaded, proved and found. The intent may be proved in various ways. Surrounding circumstances generally go far to show it. Sometimes the very act itself does. Thus, if one shoot another with a rifle in a vital part of the body, the act raises a presumption of intent to kill, unless the circumstances under which it is done go to repel the presumption. So if one throw a stone at another, the act raises a presumption of intent to injure generally, unless repelled by the circumstances under which it is done. But the law will not presume a special intent beyond the natural consequences of the act done. The special malice or intent is a fact which the jury must find, to warrant judgment on their verdict.

The difficulty with the verdict in this case is, that the jury in effect find the act, but leave the special intent or malice to implication of law; that is to say, they find the defendant guilty of the act charged, but leave the intent of the act to the judgment of the court. The verdict is very vague; but this appears to be its true construction. And even if this be not, the verdict is too uncertain to support a judgment for mayhem.

The facts in this case go far to illustrate the rule as it has been stated. The defendant threw a stone at another. The stone destroyed an eye. But the mere throwing of the stone, of itself, indicates no intent to inflict the actual injury or any special injury. Such an injury is not a natural consequence of the assault committed. If, as has happened to the disgrace of humanity, one engaged in a fight gouge out his adversary's

eye, the act — unexplained by circumstances — may be sufficient proof of the malicious intent to maim. But the mere throwing of a stone is generally not sufficient evidence of an intent to maim, merely because it does maim; for that result, though possible, must be rare, and may happen without the intent or with it. Generally, such a result would be merely accidental.

The information charges an assault and battery. The verdict clearly convicts the defendant of that, and for that the defendant may be punished. *Sullivan v. The State*, 44 Wis., 595.

The answer of this court, therefore, to the question certified by the court below is, that the defendant may be punished upon the verdict for assault and battery, and for that only.