WILLIAM W. RAWLINS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The rule in force in this State, declared by repeated decisions to be settled, is that it is the duty of the trial court to correctly instruct the jury on the law applicable to the facts proven, and a refusal to do so when asked will be error; but when a party wishes to avail himself of the omission of the court to more fully charge the jury on any point in the case, he must ask the court to give the instruction desired, and properly except to a refusal to do so, otherwise he will not be permitted to assign the omission as error.

2. Under a charge of an assault with intent to murder the State may show that within a period not too remote from the time of the commission of the offence the accused entertained hostile feelings against the party assaulted and threatened to do him personal violence, such testimony bears on the question of motive, and is proper to be considered by the jury in connection with the other evidence in the case.

3. A map, verified as a correct representation of physical objects about which testimony is offered, is admissible in evidence for the use of witnesses in explaining their evidence, and to enable the jury to better understand the case, and for this purpose it is not necessary that a map of an entire town be shown where the enquiry relates to a particular locality in the town, if the diagram offered in evidence is shown to be correct as to the particular locality.

Writ of Error to the Circuit Court for Volusia county.

The facts in the case are stated in the opinion of the court.

*F. C. Austin*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

MABRY, J.:

In this case the plaintiff in error was informed against in the Criminal Court of Record of Volusia county for an assault with intent to murder one Joseph M. Chauvin, and upon trial was convicted of the crime alleged. After sentence was imposed a writ of error was sued out and various grounds of error are assigned here for reversing the judgment.

Under the long established rule in this court we will confine ourselves to the assignments of error argued and insisted on, and in doing so in this case will follow the order in which counsel has presented them. ·

Rawlins v. State of Florida—Opinion of Court.

It is first contended that the evidence is insufficient to sustain the conviction. This contention we can not sustain. Chauvin swears positively that the accused shot at him twice with a pistol, and that he was certain it was the accused who did the shooting. It was night—a bright star-light night—but the parties were in close proximity, and the witness was positive as to the identity. There was other evidence corroborative of Chauvin. One witness saw a party while running from the location of the shooting, stumble and fall, and witness took the party to be the accused. It was shown that there was bad feelings between the accused and Chauvin, and the former had stated that he would get the latter sooner or later. The defense relied upon was an *alibi*, and the witnesses to sustain it were all relatives of the accused. There was also testimony in negation of this defense. It was claimed that the accused remained continuously at the house of his mother from dark, or a little thereafter, until next morning, and one disinterested witness, for the State, swore that he saw him away from the house, in town about ten o'clock at night. In view of the positive testimony of Chauvin, and the other testimony to which brief reference is made, it was for the jury to determine the probative force of the evidence, and the conclusion of guilt therefrom can not be disturbed consistently with the established rule on the subject.

The second contention is that the court did not charge the jury as to the different degrees of assault. The charge against the accused was an assault with intent to murder. The court charged the jury that if they believed from the evidence, beyond a reasonable doubt, that the defendant, within the county of Volusia, and State of Florida, and within two years prior to that date, committed an assault upon Joseph M. Chauvin with a deadly weapon, to-wit: a pistol, at the time having a

Rawlins v. State of Florida—Opinion of Court.

felonious and premeditated design to effect his death, as alleged in the information, it was their duty to find the defendant guilty as charged.   There was more of the charge in reference to a reasonable doubt, the defense of *alibi*, and the credibility of the witnesses, but no exception was taken to any of the charge given by the court, and no request to further charge on any branch of the case.   The rule in force in this State is that it is the duty of the trial court to instruct the jury on the law applicable to the facts proven, and a refusal to do so when asked will be error; but if a party wishes to avail himself of the omission of the court to charge the jury on any point in the case, he must ask the court to give the instruction desired; otherwise he will not be permitted to assign the omission as error. Blount v. State, 30 Fla. 287, 11 South. Rep. 547, and authorities therein cited.   The statement of the rule is sufficient to show that plaintiff in error has no ground of complaint here, because the court did not charge as fully as is claimed it should have done.

The third contention is that the court erred in permitting the State witness Chauvin to tesify to previous difficulties with the accused, and which were not a part of the *res gestae*.   The theory of counsel for the defense seems to be that as the charge was for assault with intent to murder, nothing was competent to be shown in evidence except what was directly connected in point of time with the crime alleged.   This is a mistaken view. The State had the right to show the animus, or a motive for the commission of the alleged offense, and for this purpose it was competent to show that, within a period not too remote from the time the crime was committed, the accused entertained hostile feelings against the party assaulted, and threatened to do violence to him.   Such testimony is proper to go to the jury and its weight is for their consideration. Dixon v. State, 13 Fla. 636, 645;

Hodge v. State, 26 Fla. 11, 16, 17, 7 South. Rep. 593. The testimony admitted in this case was not too remote and there was no error in the ruling of the court in reference to it.

The only remaining contention found in the brief of counsel is that the court erred in allowing witnesses to point out to the jury places on an incomplete map, and in allowing witnesses to be shown the localities by the surveyor, and then to testify as to such localities. A map of a portion of the town of DeLand, embracing the locality where the shooting occurred, was put in evidence. It was made by a surveyor who testified that it was correct, and he was permitted to designate streets, houses and localities thereon. Objection was made to the introduction of this map and the testimony of the surveyor in reference thereto, on the ground that it was a map of only a portion of the town of DeLand. Objection was also made to the testimony of other witnesses indicating on the map streets, localities and distances. The contention here is that the court erred in permitting witnesses to point out to the jury places on an incomplete map, and in allowing witnesses to be shown the localities by the surveyor, and then testifying as to such localities. It does not appear that the witnesses were shown localities on the map by the surveyor, other than as indicated by the map itself shown to be correct. It was not necessary that a map of the entire town of DeLand be shown in order to put the jury in possession of correct information as to the locality of the shooting. The map introduced covered this locality, and it does not appear therefrom, or by the testimony, that it was insufficient for that purpose. A map, verified as a correct representation of physical objects about which testimony is offered, is admissible in evidence for the use of witnesses in explaining their evi-

dence, and to enable the jury to better understand the case. Adams v. State, 28 Fla. 511, 10 South. Rep. 106; Ortiz v. State, 30 Fla. 256, 11 South. Rep. 611.

We are unable to discover any sufficient ground for reversing the judgment on any of the contentions made here, and it must, therefore, be affirmed.