## PROSECUTION FOR PROCURING A MISCARRIAGE.

Circuit Court of Cuyahoga County.

### NORMAN M. GEER v. STATE OF OHIO.

Decided, June 14, 1909.

*Criminal Law—Abortion—Verdict Not Responsive to Indictment.*

A verdict finding the defendant "guilty of unlawfully, wilfully and knowingly using a certain instrument to procure a miscarriage as charged in the first count of the indictment" is not responsive to an indictment which charges the use of an instrument for the said purpose and that the result of its use was a miscarriage, and no judgment can be entered upon such verdict.

*Walter D. Meals* and *Charles Selzer,* for plaintiff in error.

*J. A. Cline* and *E. Brudno,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Geer was indicted upon two counts.

Upon trial he was found "not guilty" as charged in the second count.

The first count charges the said Norman M. Geer at Cuyahoga county, Ohio, with

"Unlawfully, wilfully and knowingly did use a certain instrument, the name of which instrument is to the grand jurors aforesaid, unknown, in and upon the body and womb of one Addie Sutter, she, the said Addie Sutter, being then and there a pregnant woman, with intent then and there and thereby to procure the miscarriage of the said Addie Sutter, said miscarriage not being then and there necessary to preserve the life of the said Addie Sutter, and then and there not having been advised by two physicians to be necessary for said purpose, and by means and in consequence of the said use of said instrument, but the said Norman M. Geer then and there used with the intent aforesaid, the said Addie Sutter afterwards to-wit, on the 20th day of July, A. D. 1908, miscarried and was prematurely delivered of said child, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Ohio."

The verdict of the jury as to this count reads:

"We, the jury in this case, being duly impanelled and sworn do find the defendant guilty of unlawfully, wilfully and know-ingly using a certain instrument to procure a miscarriage as charged in the first count of the indictment."

The sufficiency of this verdict was challenged by a motion on the part of Geer for a new trial and to vacate the judgment.

It will be noticed that on the trial, it was admitted that Addie Sutter the woman upon whom it is charged the instrument was used, had a miscarriage. It was not however admitted that such miscarriage resulted from the use of any instrument, so we need need not inquire whether, if such admission had been made, it would have affected the validity of this verdict.

No admission was here made which could in any wise affect it. It must stand or fall upon its sufficiency as it reads.

Exactly the same question was raised in this court in the case of this same plaintiff in error against the state, decided on the 12th of December, 1897, in which we found the verdict in-valid.

The indictment in that case charged in due form the use of drugs with intent to procure a miscarriage which resulted in the death of the patient, or possibly with miscarriage as the result for the purposes of this case, it is immaterial which. The verdict returned reads:

"We the jury in this case do find the defendant guilty of unlawfully, wilfully, and knowingly administering certain nox-ious and poisonous drugs and medicines with intent to procure a miscarriage, as charged in the first count of the indictment."

Speaking for the court, Judge Caldwell said, in the opinion:

"The verdict was that he administered his drugs and medi-cines with the intent to commit an abortion, and no averment that it resulted in that, or that there was a result of death.

"This statute makes the intent no crime whatever, unless it results either in abortion or death, and hence it is clear that the verdict is not responsive to the indictment, and not responsive to the statute, and does not find the plaintiff in error guilty of any crime whatever."

No authorities are cited in this opinion supporting the proposition made, but it is abundantly supported by the case of *Riflemaker* v. *State*, 25 Ohio St., 396; *State* v. *Bludow*, 15 Wis., 279, and *1 Bishop Criminal Procedure*, Section 1005, and cases there cited. See also *Florien* v. *State*, 18th C. C., 596.

We reach the conclusion that the court erred in overruling the motion to vacate the judgment and grant a new trial, for the reason that the verdict was not responsive to the indictment and that what was found by the verdict was not a crime under the statute.

---

## APPEAL BY COUNTY COMMISSIONERS.