J. B. SALLAS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

1. An information that sufficiently charges the offense of murder in the second degree includes a charge of the offense of manslaughter.

2. A denial of a motion for continuance on the ground of an absent witness will not be disturbed where the witness is out of the State and no abuse of judicial discretion is shown.

3. Errors in the admission of evidence that are not vital will not cause a reversal of a judgment where the evidence of the defendant and other witnesses clearly establishes the guilt of the accused, and the judgment is in accord with the law, the charge of the court and the evidence.

This case was decided by Division A.

Writ of Error to the Criminal Court of Record for Walton County.

The facts in the case are stated in the opinion of the court.

*J. W. Kehoe,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

PER CURIAM.—The plaintiff in error was convicted of manslaughter in the Criminal Court of Record for Walton County. Among the errors assigned here is on the denial of a motion to quash the information. In support of this assignment it is merely stated that the information appears inartificially drawn, and does not clearly set up the offense it attempts to describe. This perhaps does not rescue the assignment from the status of abandonment, but the information has been examined and while

it may be inartificially drawn, it does sufficiently charge the offense of murder in the second degree which includes manslaughter.

On the showing made that the desired absent witness was out of the State, there does not appear to have been an abuse of discretion in denying a postponement and continuance.

A charge refused was fully covered by charges given.

There may have been several technical errors in rulings on the admission of evidence, but the defendant's own testimony and that of other witnesses clearly established guilt of the offense charged, and the errors complained of are not vital or of such nature as to cause a reversal of a judgment that accords with the law, the charge and the evidence.

The judgment is affirmed.

WHITFIELD, C. J., and SHACKLEFORD, and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.