FRANCIS PARKER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed July 13, 1915.

1. Where a letter written by the witness and put in evidence indicates a hostile attitude of the witness to the defendant, it was in this case harmless, if error, to exclude a question asked the witness as to whether she was unfriendly to the accused.

2. Requested instructions may properly be refused if they are incorrect or are covered by charges given.

3. Where the record proper shows that the defendant "on being arraigned plead not guilty," and affidavits of the jurors state that the indictment was read when the defendant was arraigned, a ground of a motion for new trial that the indictment was not read to the defendant may properly be overruled even though the defendant made an affidavit that the indictment was not read.

4. The testimony is ample to sustain the verdict.

Writ of error to Circuit Court, Pinellas County; F. M. Robles, Judge.

Judgment affirmed.

*Macfarlane & Chancey,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

PER CURIAM.—This writ of error is to a judgment convicting Parker of the statutory offence of having carnal intercourse with an unmarried female under the age of eighteen years.

The court sustained objections to questions asked the mother of the prosecutrix as to whether she was unfriendly to the accused. As a letter written by the witness to the defendant and shown in evidence indicated a hostile attitude of the witness to the defendant, the exclusion of the testimony of the witness on that subject was harmless, if error. In so far as requested instructions were refused, they were either incorrect as statements of the law, or were sufficiently covered by charges given.

A ground of the motion for new trial was that the indictment was not read to the defendant. This ground was supported by an affidavit of the defendant that the indictment was not read. The record proper states that the defendant "on being arraigned plead not guilty;" and the court, on an affidavit of the jurors that the indictment was read when the defendant was arraigned, overruled the motion. No error is made to appear. The

testimony is ample to sustain the verdict, and the judgment is affirmed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and ELLIS, JJ., concur.

WHITFIELD, J., absent.