CASSIE WILLIAMS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed June 7, 1917.

1. In the trial of one under an indictment for murder where the evidence is sufficient to support a verdict of guilty of murder in the first degree, a verdict of manslaughter will not be disturbed upon the ground that the evidence is not sufficient to support a verdict of that degree of homicide.

2. A question so framed as to require an affirmative or negative answer as to a transaction having no relevancy to the issue is amenable to the objection that it calls for irrelevant testimony.

3. In the trial of a person charged with crime, a question embodying an insinuation against the knowledge of law or intelligence of a witness then being examined propounded by the State Attorney to a witness 'for the defendant and withdrawn upon objection by the defendant, is not such misconduct of the prosecuting officer as to require a reversal of the judgment.

4. In the trial of one for murder where the evidence is circumstantial and there is evidence tending to show that the deceased

was killed by being shot with a firearm of a certain calibre, it is not error to admit in evidence the testimony of one that defendant owned and possessed a firearm of the same calibre.

5. Deductions which may be reasonably drawn from the evidence are permissible in argument by counsel before the jury although such deductions may be questioned by opposing counsel.

6. An instruction given by the court to the jury which admonishes them that circumstantial evidence when sufficient to establish the guilt of the accused beyond a reasonable doubt is sufficient in quality and character of proof to sustain a conviction, is not rendered harmful to the degree of requiring a reversal of the judgment because the court subjoins to his instruction an incorrect reason or theory upon which that character of evidence is admissible.

7. Correct propositions of law applicable to the evidence which are contained in instructions given by the court in its general charge need not be repeated in instructions requested by the defendant; so that the refusal to give such instructions is not error.

Writ of Error to Circuit Court for Pinellas County; O. K. Reaves, Judge.

Judgment affirmed.

*John F. Groene, Jas. F .Sikes* and *A .R. Logan,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C..O. Andrews,* Assistant for the State.

·ELLIS, J.—The plaintiff in error was convicted of manslaughter in the Circuit Court for Pinellas County in September, 1916, upon an indictment charging her with the murder of Cora Bell Jones on the 29th day of August,

1916, and seeks a reversal of the judgment upon writ of error.

Cora Bell Jones was assassinated on the night of August 29th, 1916, about one o'clock A. M., in her bedroom while she was disrobing preparatory to retiring for the night. The assassin used a fire arm which carried a small bullet about the size of a 32 calibre pistol bullet, and fired it through a window from the outside. Several shots were fired, two of them taking effect in the back of the deceased. Under the window through which the shots were fired footprints were discovered upon the ground which were made by a woman's shoe. Soon after this occurrence and during the same night the defendant was arrested in her house which was a few blocks away from the house of the deceased. The defendant and her husband had retired and were apparently asleep when the offices, Mr. Whithurst, Sheriff, Mr. Mickler, Night Policeman of Tarpon Springs, and a Mr. Dougherty went to her house. After arousing the woman she told them that she had lost the key to the front door and they would have to enter through a window, which they did. In one of the rooms behind a piano Mr. Mickler found a pistol. His attention had been attracted by something he "heard fall over in the corner" of the room and looking behind the piano found the pistol. It was of 32 calibre and unloaded. The Sheriff said: "I should judge it had the appearance of being recently shot. We all smelled of it, you know, and it seemed to have a scent about it that would resemble a recent powder burn." There were no empty shells in the pistol and a string drawn through the barrel showed burnt powder stains. There was some evidence of bad feeling on the part of the defendant toward the deceased growing out of alleged

intimate relations between her and the husband of the defendant.

The defendant by her counsel moved for a new trial which, among other grounds, contained one questioning the sufficiency of the evidence to support the verdict. The motion was overruled and counsel for plaintiff in error insists that the ruling was erroneous because: First, the evidence was insufficient to establish the defendant's guilt, and, second, that the verdict of manslaughter was without evidence to support it. · The contention is that even if the evidence was sufficient to sustain a verdict of murder against the defendant below, it was not sufficient to sustain a verdict of manslaughter. The fact that the verdict was for manslaughter instead of murder is used by counsel by way of argument to show that the circumstances upon which the State relied to sustain the indictment for murder were insufficient for that purpose in the minds of the jurors, who entertaining a reasonable doubt as to the sufficiency of the evidence to sustain the charge of murder, found the defendant guilty of manslaughter instead of returning a verdict of not guilty. All the evidence except that relating to the shooting was circumstantial. There was one eye-witness to the shooting, although that witness did not see the person who fired the shot. That witness was roommate of the deceased; they were both in the same room when the shot was fired. The witness said the shots were fired from the outside through a certain window; that there were two shots, and that a lace curtain hanging at the window caught fire from the flash of the pistol or firearm used. The remainder of the evidence is circumstantial and points strongly to the defendant's guilt. Ill feeling was shown

to have existed between the defendant and the deceased, which arose from the attention that the latter paid to the former's husband. The defendant only a few nights before made a conditional threat against the deceased in which reference was made to a 32 calibre firearm. The night of the homicide the defendant and deceased quarrelled. The defendant's shoe corresponded with the foot prints discovered under the window through which the shots were fired; the footprints were marked by a certain peculiarity of one heel. The footprints were traced to a distance of about two hundred feet southeast of the house where the shooting occurred. Those tracks appeared to have been made by a person coming from the direction of the defendant's house and who returned in that direction running. A woman was seen that night shortly before and soon after the shooting going in the direction of the house occupied by the deceased and returning from that direction. This woman who was unidentified came from the direction of the defendant's house and returned in that direction. Considering this evidence in connection with the circumstance that the defendant's shoe corresponded "exactly," to use the words of the witness, Judge J. J. Hope, with the tracks of the woman under the window through which the shots were fired, the circumstances are inconsistent with the theory that the tracks could have been made by any one other than the defendant. As the evidence shows that the shots were fired by some one standing very close to the window, and as the defendant's tracks were the only tracks within "a radius of four or five feet," presumably of a spot under the window, the jury could reasonably have concluded that the defendant fired the shots which killed the deceased. See McRae v. State, 62 Fla. 74, 57 South. Rep. 348. The evidence was sufficient to support the charge of murder;

the conviction therefore of the crime of manslaughter will not be disturbed. Thomas v. State, 73 Fla. 115; 74 South. Rep. 1; Sec. 4007 Gen. Stats. of 1906, Florida Compiled Laws, 1914; McCoy v. State, 40 Fla. 494, 24 South. Rep. 485; Gray v. State, 42 Fla. 174, 28 South. Rep. 53; Brown v. State, 31 Fla. 207, 12 South. Rep. 640.

The statute referred to above is sufficiently clear, and we have no doubt of its validity. The reason for it may have been correctly given in the words of Mr. Justice CARTER, who wrote the opinion in McCoy v. State, *supra.* See also 1 Bishop's Criminal Law, Secs. 794-795-804-808.

During the cross-examination of M. M. Whitehurst, Sheriff, by defendant's counsel, the following question was propounded to him: "Q. Did you make any other arrests that night besides Cassie for the murder of Cora Bell Jones?" This question was objected to by the State upon the ground that it called for immaterial and irrelevant testimony. The objection was sustained, and the ruling of the court is assigned as the fourth error. There was no error in this ruling. It is not pointed out in the brief, nor do we perceive what possible relevancy to the issue in this case could the arrest of another for the same crime have had.

The fifth and sixth assignments of error relate to the introduction in evidence of the pistol found at the defendant's house the night of the arrest and what counsel refers to as an irregularity in the examination of a witness by the State Attorney. It is claimed that the irregularity consisted in the following question propounded by the State Attorney to the defendant's witness, Lee Bailey: "Q. Did you know it was against the law for you to carry a pistol?" The record shows that the defendant's counsel objected to the question and it was promptly withdrawn.

But counsel insists that the mere asking of the question by the State officer injured the cause of the defendant illegally by prejudicing the jury against the witness. Assuming that the jurors were of "approved integrity, fair character, sound judgment and intelligence," we are not persuaded that the mere asking of the question had the slightest effect upon the defendant's case, nor would an answer from the witness have had any effect. The officer of the State however should avoid as much as possible any act or word in the trial of a case that might be subject to the criticism of its being an attempt to unduly influence the minds of the jurors. Such criticisms may be made when the effect of testimony is sought to be destroyed by an insinuation against the character or reputation of a witness. In this case the question complained of seemed to have no such purpose, yet it was contended that it unduly influenced the jury. There was no error in permitting the introduction of the pistol in evidence.

In the course of his argument the State Attorney said that the defendant knew that her husband went home with the deceased. The record shows that counsel for defendant objected to such statement as being without foundation in the evidence. The court said that was a matter of deduction which might be made in argument, but instructed the jury to determine the "facts from the testimony as they remembered it." A like objection was made to the State Attorney's argument that the bullet found in the body of the deceased and offered in evidence was shot from the defendant's pistol. The court said that deductions of that character might be made in argument, but cautioned the jury to determine the "facts from the testimony as they remembered same." These incidents occurring during the trial were made the basis of the

seventh and eighth assignments of error. The deductions were reasonably drawn from the evidence and were, therefore, not improper. The bullet was shown to be of a calibre carried by the pistol which belonged to the defendant and had been recently shot, and the evidence tended to show that the defendant fired the shots which killed the deceased. See Lampkin v. State, 70 Fla. 448, 70 South. Rep. 440; Young v. State, 70 Fla. 211, 70 South. Rep. 19.

The court gave the following charge, of which the defendant's counsel complains: "Where the evidence, however, even if entirely circumstantial, is sufficient to satisfy the jurors of the guilt of the accused beyond a reasonable doubt, they should convict, otherwise the most atrocious crime might sometimes go. unpunished, because persons contemplating the commission of crime are not likely to take eye witnesses with them unless such eye witnesses are themselves participating criminals." It is contended that the reason which the judge gave why the jury should convict if the evidence was sufficient, was calculated to "inflame the minds of the jury" against the defendant. In Hawthorne v. State, 72 Fla. 524, 73 South. Rep. 590, the same charge was given which this court held not to be sufficiently defective to require a reversal. In that case we said, however, that it was useless and dangerous to make unnecessary excursions into the realm of the law's reasons for the admission of any kind of evidence. In this case as in that one the court had correctly charged the jury upon the rule as to the value and sufficiency of circumstantial evidence, and certainly there was neither necessity nor excuse for the charge. If there could be no conviction upon circumstantial evidence it would be inadmissible. The jury certainly understood that to be the case. They were told, and correctly, how such evidence

should be tested, and if after applying such test they believed from the evidence beyond a reasonable doubt that the defendant killed the deceased under such circumstances as did not constitute justifiable or excusable homicide, they should convict. A conviction upon circumstantial evidence is as lawful as a conviction upon direct testimony and requires neither apology nor expediency to support it. ' It is conceivable that a judge could inflame the minds of some jurors by lengthy and eloquent addresses upon the reasons for some rules of law, and by that means turn condemnation of the crime into resentment against the accused, but we cannot say that the words of the judge in this trial had that effect, although the reason he gave why there should be a conviction in such cases was not correct.

The tenth, eleventh, twelfth, thirteenth and fourteenth assignments are based upon the refusal of the court to give certain charges requested by the defendant and numbered three, four, five and six. An exception was taken to the refusal of the court to give each charge. The requested instructions undoubtedly announced correct propositions of law and correctly stated the rule as to the value of circumstantial evidence, but we think that the court's general charge upon circumstantial evidence taken in connection with charges numbered one and two which were requested by the defendant and given, covered the subject of those requested and refused. In such case there is no error. See Parker v. State, 70 Fla. 152, 69 South. Rep. 696; Hoskins v. State, 70 Fla. 186, 69 South. Rep. 701; Bass v. State, 58 Fla. 1, 50 South. Rep. 531; Pelham v. State, 70 Fla. 295, 70 South. Rep. 87; Fine v. State, 70 Fla. 412, 70 South. Rep. 379.

No harmful error having been made to appear in the record, the judgment is, therefore, affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and WHITFIELD, JJ., concur.