RALPH HUGHES, *alias* RALPH HOLTER, AND COLON W. KNIGHT, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed July 20, 1923.

Petition for Rehearing Denied September 10, 1923.

In a prosecution where the offense charged is that of breaking and entering a building with intent to commit a felony, to-wit: grand larceny, such offense includes the lower offense of breaking and entering with intent to commit a misdemeanor, to-wit: petit larceny; and where the verdict is "guilty" without stating the degree of larceny intended to be committed in the breaking and entering, a judgment of conviction and sentence within the penalty prescribed for breaking and entering with intent to commit petit larceny, will not be reversed where there is evidence to sustain a conviction of the lesser offense, even though the greater offense is not shown by the evidence.

A Writ of Error to the Circuit Court for Marion County; W. S. Bullock, Judge.

Affirmed.

*R. B. Bullock* and *T. S. Trantham*, for Plaintiffs in Error;

*Rivers Buford*, Attorney General, and *J. B. Gaines*, Assistant, for the State.

WHITFIELD, J.—Upon an indictment charging the breaking and entering of a railroad depot building with intent to commit a felony, to-wit, grand larceny, the defendants were found to be ''guilty.''

There is ample evidence properly admitted to prove the breaking and entering with intent to steal blank express money orders, etc., that were stolen and utilized by filling them out and collecting money on them greatly in excess of $50.00. For breaking and entering such a building with intent to commit a felony the penalty shall not exceed fifteen years in the State penitentiary. Sec. 5116, Rev. Gen. Stats. 1920. For breaking and entering to commit a misdemeanor the maximum penalty is imprisonment in the State prison not exceeding five years. Sec. 6119, Rev. Gen. Stats. 1920. The larceny of property of $50.00 value or more is a felony; while petit larceny of less than $50.00 in value is a misdemeanor. The sentence imposed is two years' imprisonment in the State prison. Breaking and entering with intent to commit the misdemeanor of petit larceny is included with the offense of breaking and entering with intent to commit the felony of grand larceny. In this case even if the evidence does not show a breaking and entering with intent to commit grand larceny, it does show a breaking and entering with an intent to commit petit larceny; and as the verdict is "guilty," which includes the lesser offense, and the sentence is appropriate to a verdict of guilty of breaking and entering with intent to commit the misdemeanor of petit larceny, the sentence is not repugnant to the charge or to the verdict, and conforms to the law and to the evidence adduced. See Clark v. State, 59 Fla. 9, 52 South. Rep. 518; United States v. Linnier, 125 Fed. Rep. 83; State v. Bloedow, 45 Wis. 279.

Even if technical errors of procedure were committed, they could not reasonably have been prejudicial or harmful to the defendants in view of the whole record of the trial and proceedings.

Affirmed.

TAYLOR, C. J., AND ELLIS, WEST AND TERRELL, J. J., concur.

BROWNE, J., dissents.

BROWNE, J., dissenting.

The indictment charges breaking and entering with intent "to commit a felony, to-wit, grand larceny."

The verdict of the jury was "We the jury find the defendants, Ralph Hughes, alias Ralph Holter, and Colon W. Knight guilty."

In this case the indictment charged the degree of the offense, "grand larceny." It is well settled that "where the indictment charges the particular degree of the offense, a verdict of guilty without specifying the degree is sufficient, being in effect a finding that the defendant is guilty of every matter alleged against him in the indictment." 27 R. C. L. 862. It is also well settled that if the jury intends to find the defendant guilty of an offense of an inferior degree to that charged, the verdict must specify it. Creamer v. State of Washington, 168 U. S. 124, 18 Sup. Ct. Rep. 1; Timmerman v. Territory of Washington, 3 Wash. Ter. 445, 17 Pac. Rep. 624.

The doctrine upon which this case is affirmed, seems to be suggested rather than avowed, and is in effect that upon the conviction of a person for a higher grade of an offense that includes offenses of a lesser degree, the trial court may of its own motion ignore the verdict and treat it as if the accused had been convicted of one of the offenses of lesser degree.

It is true that a Court may set aside a verdict of conviction of a higher offense if the testimony does not warrant it and accept a plea of guilty of a lesser offense.

It is also true that in those States·that have a statute to the effect that the Supreme Court "may affirm, reverse, or modify the judgment and render such judgment as the District Court should have rendered," the Appellate Court may order that the penalty for the lesser offense be imposed.

Neither of these questions is involved here, and the case of United States v. Linnier, 125 Fed. Rep. 83, and the cases therein cited, are not applicable, and need only the most cursory investigation to disclose their inapplicability.

In the case of State v. Bloedow, 45 Wis. 279, the Appellate Court held that the verdict was too vague and uncertain to support a judgment for mayhem, but that it clearly convicted the defendant of assault and battery, and sent the case back with direction that the defendant be punished upon the verdict for assault and battery.

In the case of Clark v. State, 59 Fla. 9, 52 South Rep. 518, the indictment charged the defendant with the larceny of a number of articles named therein, of the total value of $125.00. The value of the goods found at the defendant's house exceeded $20.00, and this Court held that although the total value of the goods stolen amounted to $125.00, still as the value proven was over $20.00, that the offense was established. At that time the larceny of goods of more than $20.00 in value constituted grand larceny. The question raised in the instant case was not raised, did not enter into, was not considered nor decided in the Clark case *supra,* nor in the decision on rehearing; and is not even persuasive here.

It matters not, therefore, that the sentence was such as could have been imposed for breaking and entering with intent to commit petty larceny. The indictment specifically alleged grand larceny; the verdict was a conviction

for breaking and entering with intent to commit grand larceny, and. the sentence was such a sentence as could have been imposed for that offense.

The testimony shows that the defendants broke and entered an express office for the purpose of robbing it of *blank* money orders; they took and carried away sixty American Railway Express money orders and one hundred C. O. D. money orders; if these money orders and C. O. D. checks were properly forged, money could be raised upon them. The defendants forged money 'orders to the amount of about $880.00.

There is no evidence of any rummaging or searching for money or other thing of value by the defendants, and nothing to indicate that their intention in breaking into the express office was for any other purpose than that avowed by them in their alleged confession; *to rob the office of these money blank orders.*

Under the facts therein the cases of Clifton v. State, 26 Fla. 523, 7 South. Rep. 863, and Walker v. State, 44 Fla. 466, 32 South. Rep. 954, are not applicable to this case.

There was nothing to indicate that any one had been in the office during the agent's absence, and he testified that he did not discover the loss of the blank money orders until he had filled out the only one that was left in one of the books, and looked for the new book and could not find it.

He testified that the articles stolen had no intrinsic value, no definite value, but that they *could be made valuable by forgery.*

The State offered in evidence bottles of ink, fountain pen, an ordinary writing pen, blotters, ink eraser, etc., for the purpose of showing that these were used in forging the blank money orders that were stolen. These articles,

however, were not taken from the place that was broken into.

The testimony wholly fails to show that there was anything in the office of sufficient value which if stolen would have constituted grand larceny; nor was any effort made to establish such fact if it existed.

The express agent testified, ''There was in the depot money orders, express packages and C. O. D. checks.''

This is the only testimony in the record as to what was in the office that could have been the subject of larceny, except the money orders and the C. O. D. checks. There is no testimony anywhere in the record of the value of the ''express packages,'' so even if the jury could presume from the fact of breaking and entering, that it was with intent to steal the express packages, there is no testimony whatsoever as to their value. There is not a particle of evidence that there was in the office anything even approximating the value of fifty dollars.

The money orders had only a nominal value; less than a cent probably. What money was obtained, was by forging the orders which was done *after* the defendants committed the larceny and had left the office.

A man may steal a piece of canvas and some paints and brushes worth in all only a few dollars, and the offense would be petty larceny. Should he subsequently by the use of the canvas and the paints and brushes, produce a painting worth over fifty dollars, it would not change his offense to grand larceny. Or he may steal a check book, worth a dollar or two, and subsequently forge some of the checks and raise a large sum of money therefrom, but the forgery would not raise the offense from petty to grand larceny.

There being no testimony to show that grand larceny was committed, or that there was any intent to commit

grand larceny, or that there was in the place broken into anything of sufficient value to make its felonious taking grand larceny, I think the judgment should be reversed.

It may be salutary to convict without evidence, in order that merited punishment may be meted out. If so, let those bodies organized for that purpose, and not the Courts, exercise that function.