CHARLES CLARK, *alias* CHARLIE CLARK, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

## Division A.

## Opinion Filed August 2, 1924.

1. Evidence examined and found sufficient to support the verdict.

2. The instruction "The defendant has offered testimony tending to establish an alibi, that is, that the defendant was at a place other than where the deceased was killed, and if such testimony raises a reasonable doubt as to the whereabouts of the defendant, or if you do not find from the evidence in this case beyond a reasonable doubt the presence of the defendant and that he killed the deceased, you should render a verdict of not guilty," is not misleading.

3. The words "such testimony," used in the instruction, relate to any and all testimony relating to an *alibi*, or tending to raise a doubt of the presence of the defendant at the place where the homicide occurred.

A Writ of Error to the Circuit Court for Suwannee County, M. F. Horne, Judge.

Judgment affirmed.

*J. L. Blackwell* and *A. Lee Humphreys*, for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *J. B. Gaines*, Assistant Attorney General, for the State.

BROWNE.—The Plaintiff in Error was convicted of manslaughter, on an indictment charging him with murder.

The assignments of error are grouped under two heads:

Those relating to the sufficiency of the evidence to sustain the verdict, and those relating to the charges of the Court.

The testimony was circumstantial. Each circumstance in itself was slight, but together the jury could have regarded them as sufficient to warrant them in finding the defendant guilty of murder in the first degree.

The killing was cold-blooded, deliberate and premeditated. A motive for the defendant to commit the act was established. The verdict was for manslaughter. Under the provisions of Section 6110, Revised General Statutes, 1920, which has received the sanction of this Court, this verdict must be sustained, notwithstanding its incongruity.

We find no error in the charges complained of. If there had been no charge on the subject of reasonable doubt, except that found in the one relating to the alibi sought to be established, a different question would be presented. But the trial Court gave very clear and very fair charges covering the question of reasonable doubt, as well as on all the issues submitted to the jury for consideration.

Where the evidence conflicted, the jury resolved it against the defendant. Nothing appears from the record that warrants us in saying the testimony was wholly insufficient to support the verdict, or that the jury was influenced by considerations other than the evidence.

The judgment is affirmed.

TAYLOR, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur.