NAP LOVETT, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed February 14, 1928.

*Pat Johnston,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

WHITFIELD, P. J.—On a writ of error to a judgment of conviction of manslaughter it is contended that the evidence shows the accused to be guilty of murder in the first degree or no crime whatever.

Section 6110, Rev. Gen. Stats., is as follows: "In all criminal prosecutions hereafter begun in this State, if the defendant be found guilty of an offense lesser in degree, but included in the offense charged in the indictment or information, such verdict shall not be set aside by the court, upon the ground that such verdict is contrary to the evidence, if the evidence produced in such case would have supported a finding, or if such court would have sustained a verdict of guilty of the greater offense."

The above statute was enacted to change the rule announced in Johnson v. State, 24 Fla. 162, 4 So. Rep. 535. Golding v. State, 26 Fla. 530, 8 So. Rep. 311. See McCoy v. State, 40 Fla. 494, 24 So. Rep. 485.

"In the trial of one under an indictment for murder where the evidence is sufficient to support a verdict of guilty of murder in the first degree, a verdict of manslaughter will not be disturbed upon the ground that the evidence is not sufficient to support a verdict of that degree of homicide." Williams v. State, 73 Fla. 1198, 75 So. Rep. 785.

The evidence would have sustained a verdict of a higher offense under the indictment, therefore the conviction for manslaughter is authorized.

Affirmed.

Terrell and Buford, J. J., concur.

Ellis, C. J., and Strum and Brown, J. J., concur in the opinion and judgment.