JOHN HOLLOMAN v. STATE.

191 So. 36
Division B
Opinion Filed September 15, 1939

60

G. *Warren Sanchez,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for the State.

PER CURIAM.—The plaintiff in error, defendant below, was tried in Hamilton County under an indictment for

murder in the second degree. The jury returned a verdict of manslaughter; and thereupon the court adjudged the defendant guilty of murder in the second degree, sentencing him to five years in the State prison. The plaintiff in error assigns as the sole error of the court below: "The court erred in overruling and denying the defendant's motion for a new trial." In considering this assignment of error the plaintiff in error presents three questions to this Court for determination.

The first question challenges the sufficiency of the evidence to sustain the conviction of the defendant.

The indictment in the instant case charges the defendant with murder in the second degree. The jury returned a verdict of manslaughter. Chapter 4392, Acts 1895, Section 8415 C. G. L. of Florida of 1927 provides: ·

"In all criminal prosecutions hereafter begun in this State, if the defendant be found guilty of an offense lesser in degree, but included within the offense charged in the indictment or information, such verdict shall not be. set aside by the court, upon the ground that such verdict is contrary to the evidence, if the evidence produced in such case would have supported a finding, or if such court would have sustained a verdict of guilty of the greater offense."

In view of this statute this Court has repeatedly held that where the defendant is convicted of a lesser offense included within the higher offense charged in the indictment information, the verdict will not be set aside as contrary to the evidence, if the evidence would have supported a conviction of the greater offense. See McCoy v. State, 40 Fla. 494, 24 Sou. Rep. 495; Mobley v. State, 41 Fla. 621, 26 Sou. Rep. 732; Morrison v. State, 42 Fla. 149, 28 Sou. Rep. 97; Dedge v. State, 68 Fla. 240, 67 Sou. Rep. 43; Larmon v. State, 81 Fla. 553, 88 Sou. Rep. 741; Ammons v. State, 88

Fla. 444, 102 Sou. Rep. 642; Roberts v. State, 94 Fla. 149, 113 Sou. Rep. 726; Williams. v. State, 73 Fla. 1198, 75 Sou. Rep. 785; Clark v. State, 88 Fla. 186, 101 Sou. Rep. 352; Lovett v. State, 95 Fla. 269, 116 Sou. Rep. 7; Jenkins v. State, 100 Fla. 1599, 132 Sou. Rep. 198.

Likewise this Court has held that an indictment or information sufficiently charging murder in the second degree includes a charge of manslaughter. Sallas v. State, 61 Fla. 59, 54 Sou. Rep. 773. The information in the present case charging murder in the second degree, therefore, included the charge of manslaughter.

The evidence herein has been thoroughly examined and found sufficient to support a conviction of murder in the second degree; therefore, the verdict of manslaughter cannot, under the above section of our statutes, be disturbed by this Court. See the above cited cases.

The second question involves instructions to the jury. The plaintiff in error contends that it was error to allow the co-defendant to testify at the trial in prison clothes without instructing the jury that the co-defendant was serving sentence for a conviction of another crime and that he had not previously been convicted of the offense with which this defendant was charged.

The record fails to show that the plaintiff in error presented any request, written or otherwise, for instructions by the court on this phase of the trial. Hence, the court below has had no opportunity to consider the instruction contended for and will not be held in error where the instructions actually are not contested and put in the record so that this Court might fully consider them. See Marlow v. State, 139 Fla. 307, 190 South. Rep. 602; Rawlins v. State, 40 Fla. 155, 24 Sou. Rep. 65; Douglass v. State, 53 Fla. 27, 43 Sou. Rep. 424; Padgett v. State, 64 Fla. 389, 59 Sou. Rep.

946; Ann. Cas. 1914B 897; Gillyard v. State, 65 Fla. 322, 61 Sou. Rep. 641; Hicks v. State, 75 Fla. 311, 78 Sou. Rep. 270; Hobbs v. State, 77 Fla. 228, 81 Sou. Rep. 444; Turner v. State, 99 Fla. 246, 126 Sou. Rep. 158; Irving v. State, 19 Fla. 872; Lindsey v. State, 53 Fla. 56, 43 Sou. Rep. 87; Tindall v. State, 99 Fla. 1132, 128 Sou. Rep. 494.

The third question presented to this Court has reference to certain remarks of the prosecuting attorney but there is nothing in the record to show what those remarks were.

The argument to the jury is not reported and the allegations in the motion are not self-proving so there is no showing that the statement was made. See Smith v. State, 90 Fla. 555, 106 Sou. Rep. 415; Noble v. State, 68 Fla. 1, 66 Sou. Rep. 153; Stanley v. State, 93 Fla. 372, 112 Sou. Rep. 63.

The case will, however, have to be reversed and remanded to the lower court. It is well settled in this jurisdiction that:

"While, generally speaking, the consideration of the appellate court will be confined to the errors assigned and argued by the plaintiff in error, yet, to this rule there are certain exceptions. Where a jurisdictional or other fundamental error of law is apparent on the face of the record itself, such error may be considered by the appellate court, though it is not assigned. Demeter Land Co. v. Florida Public Service Corp., 99 Fla. 954, 128 Sou. Rep. 402; Hoodless v. Jernigan, 46 Fla. 213, 35 Sou. Rep. 656; Parker v. Dekle, 46 Fla. 452, 35 Sou. Rep. 4; East Coast Stores v. Cuthbert, 101 Fla. 25, 133 Sou. Rep. 863; Bynum v. State, 76 Fla. 618, 80 Sou. Rep. 572; White v. Crandall, 105 Fla. 70, 137 Sou. Rep. 272; Gunn v. State, 78 Fla. 599, 83 Sou. Rep. 511; O'Steen v. State, 92 Fla. 1062, 1066, 1075, 111 Sou. Rep. 725; Gober v. Braddock, 100 Fla. 1406, 131 Sou. Rep. 407."

The jury in this case returned a verdict of manslaughter; whereas the court pronounced judgment and sentence for murder in the second degree. The judgment of the court must conform to the verdict of the jury. See Hughes v. State, 86 Fla. 202, 97 Sou. Rep. 478; Ellis v. State, 100 Fla. 27, 129 Sou. Rep. 106, 69 A. L. R. 783; Vogel v. State, 124 Fla. 409, 168 Sou. Rep. 539.

This error on the part of the lower court does not, however, entitle the plaintiff in error to a new trial; but the case will have to be remanded for the pronouncement of proper judgment and sentence. See Keech v. State, 15 Fla. 591; Roberts v. State, 30 Fla. 82, 11 Sou. Rep. 536; Wallace v. State, 41 Fla. 547, 26 Sou. Rep. 713; Irvin v. State, 52 Fla. 51, 41 Sou. Rep. 785; Jones v. State, 64 Fla. 92, 59 Sou. Rep. 892, L. R. A. 1915B 71; Hunter v. State, 64 Fla. 315, 60 Sou. Rep. 786; Taylor v. State, 67 Fla. 127, 64 Sou. Rep. 454; Smith v. State, 71 Fla. 639, 71 Sou. Rep. 915; Payner v. State, 81 Fla. 726, 88 Sou. Rep. 762; Cooper v. State, 83 Fla. 34, 90 Sou. Rep. 693; Brooke v. State, 99 Fla. 1275, 128 Sou. Rep. 814, 69 A. L. R. 1173; Ellis v. State, 100 Fla. 27, 129 Sou. Rep. 106, 69 A. L. R. 783; State ex rel. House v. Mayo, 122 Fla. 23, 164 Sou. Rep. 673.

For the above reasons the judgment is reversed and the cause remanded to the lower court for the pronouncement of a proper judgment and sentence.

Reversed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.