# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-0235
Lower Tribunal No. CF17-529

_____

ROBERT WAYNE LINCOLN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Highlands County.
Peter F. Estrada, Judge.

December 30, 2024

STARGEL, J.

Robert Wayne Lincoln appeals his judgment and sentence for lewd molestation.[1]  While Lincoln challenges several of the trial court's rulings, we find merit only in the claim that his judgment and sentence for the crime of lewd molestation under section 800.04(5)(b), Florida Statutes (2021), against a victim less

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

than twelve years of age, was improper. Lincoln was sentenced to life in prison under section 800.04(5)(b), which required a jury finding that the victim was less than twelve years of age. There was no such finding in this case, however, and the evidence showed the victim turned twelve before the date of the offense. In fact, the jury was only instructed on lewd molestation on a victim twelve or older, but less than sixteen years of age, which is a second-degree felony under section 800.04(5)(c)2. The State concedes error on this point.

We now reverse and remand for the trial court to vacate the judgment for lewd molestation as a first-degree felony under section 800.04(5)(b). Since the jury was properly instructed under section 800.04(c)2 and found Lincoln guilty of that offense, on remand, the trial court should enter judgment for that offense, obtain a corrected scoresheet and pre-sentence investigation, and resentence Lincoln on the second-degree felony of lewd molestation.

<u>Background</u>

Lincoln was charged with lewd molestation for intentionally touching his step-granddaughter in a lewd or lascivious manner when he put his hands inside the bottoms of her two-piece bathing suit while swimming in the pool at his home. The amended information charged that Lincoln committed the offense against "a child

2

under 12 years of age, contrary to Florida Statutes 800.04" and included the notations "(LIFE FEL) (LEVEL 9)."[2]

The facts regarding the victim's age at the time of the offense are not in dispute. The State began its opening statement at trial by informing the jury, "[i]n the summer of 2013, [the victim] was twelve years old. She was at her Nana and Grandpa Bob's house swimming in their pool." The victim testified on direct examination that she had just turned twelve when the incident occurred. She further testified that it was the summer of 2013, and when asked how old she would have been, she again testified she was twelve. On redirect, she was once again asked how old she was when this happened and she answered, "eleven, and I would have turned twelve." The State's argument opposing the defense's motion for judgment of acquittal included a reference to the victim being twelve years old, and the closing argument is replete with references to the victim being a twelve-year-old child.

There was no evidence at trial of the victim being under twelve. In fact, at the charge conference, the parties agreed to the jury instructions and verdict form, both of which contained only the lesser included offense of lewd molestation on a victim

---

[2] The dates included in the amended information for the alleged lewd molestation were between May 1, 2013, and June 15, 2017, leaving only a ten-day period at the beginning of that timeframe before the victim would have turned twelve on May 10, 2013.

twelve years of age or older, but less than sixteen years of age, a second-degree felony.[3]  That agreed-upon jury instruction provided as follows:

To prove the crime of lewd or lascivious molestation, the State must prove the following three elements beyond a reasonable doubt:

1.  Robert Lincoln, in a lewd or lascivious manner, intentionally touched the genitals or genital area of [victim].

2.  At the time of the offense, [victim] was 12 years of age or older but less than 16 years of age.

3.  At the time of the offense, Robert Lincoln was 18 years of age or older.

The words "lewd" and "lascivious" mean the same thing: a wicked, lustful, unchaste, licentious or sensual intent on the part of the person doing an act.

At the conclusion of trial, the court informed Lincoln that the jury "found you to be guilty of lewd molestation," and "found you had sexual contact with the victim."  It then adjudicated Lincoln "guilty of these offenses" without any indication as to whether he would be convicted of a first-degree or second-degree felony.  Apparently, this is where the error began.  Instead of reflecting the lesser offense on which the jury was instructed and on which it convicted, the Clerk of Court Disposition Memorandum, which still showed the original charge pre-printed at the top of the form, contained a check mark next to "jury verdict" with the hand-

_____

[3] The only lesser-included offenses discussed by the parties and included on the verdict form were for battery under section 784.03, and for an unnatural or lascivious act under section 800.02, both category two lesser-included offenses.

written notation: "Guilty as charged." The Jury Trial Progress Report also reflected the verdict as guilty as charged. The issue was not raised to the trial court by the State or defense, and sentencing was set out six weeks for a Florida Department of Corrections Pre-Sentence Investigation (PSI) to be prepared.

Ultimately, the PSI was prepared based on the information provided by the trial court and, like the other trial court documents, erroneously reflected that Lincoln was found guilty as charged of lewd molestation as a first-degree felony punishable by life. At the sentencing hearing, the State argued for life in prison in accordance with that charge, notwithstanding its argument during the hearing that the victim was twelve at the time of the offense. The defense argued mitigating factors and requested leniency but did not bring the error in the PSI or scoresheet to the court's attention. No one addressed the error, and the trial judge sentenced Lincoln to life in prison.

<u>Law and Analysis</u>

I.    <u>Fundamental Error</u>

First, we must address the failure to preserve the error for review. There was no contemporaneous objection to the jury instructions at trial, nor was there any objection to the sentence imposed for the first-degree felony, so our review is for fundamental error. *See State v. Delva*, 575 So. 2d 643, 644 (Fla. 1991). Generally, to raise a claimed error on appeal, a litigant must object at trial when the alleged

error occurs. *J.B. v. State,* 705 So. 2d 1376, 1378 (Fla. 1998). "The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed and provides him an opportunity to correct it at an early stage of the proceedings." *Castor v. State*, 365 So. 2d 701, 703 (Fla. 1978). "The sole exception to the contemporaneous objection rule applies where the error is fundamental." *F.B. v. State*, 852 So. 2d 226, 229 (Fla. 2003) (citing *J.B.*, 705 So. 2d at 1378). An error is fundamental "when it goes to the foundation of the case or the merits of the cause of action and is equivalent to a denial of due process." *Id.* (quoting *J.B.,* 705 So. 2d at 1378). "The doctrine of fundamental error should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application." *Smith v. State*, 521 So. 2d 106, 108 (Fla. 1988) (citing *Ray v. State*, 403 So. 2d 956 (Fla. 1981)).

The sole distinction between lewd molestation as a crime punishable by life under section 800.04(5)(b) and lewd molestation punishable as a second-degree felony under section 800.04(5)(c)2 is the age of the victim.[4] As set forth above, the

---

[4] Section 800.04 is titled "Lewd or lascivious offenses committed upon or in the presence of persons less than 16 years of age." Various offenses are included in this section, including lewd or lascivious battery, lewd or lascivious molestation, lewd or lascivious conduct, and lewd or lascivious exhibition. These offenses are then divided into degrees determined by the age of the victim and the age of the offender. The pertinent portion of 800.04(5) for lewd or lascivious molestation provides as follows:

trial court sentenced Lincoln to life in prison based on the crime of lewd and lascivious molestation on a victim under twelve years of age, despite the fact that the jury found Lincoln guilty of the lesser-included offense of lewd and lascivious molestation on a victim twelve years of age or older but less than sixteen years of age. Thus, the jury found Lincoln guilty of a second-degree felony, which carries a maximum penalty of fifteen years, but the trial court adjudicated Lincoln guilty and sentenced him to life in prison, in accordance with the first-degree felony charged. We find it was fundamental error to adjudicate Lincoln guilty of a first-degree felony and to sentence him accordingly when the jury never found him guilty of that crime. *See Burrell v. State*, 601 So. 2d 628, 629 (Fla. 2d DCA 1992) ("[I]t would be fundamental error not to correct on appeal a situation where [a defendant] stands convicted of a crime that never occurred." (second alteration in original) (quoting *Nelson v. State,* 543 So. 2d 1308, 1309 (Fla. 2d DCA 1989))).

---

(b)   An offender 18 years of age or older who commits lewd or lascivious molestation against a victim less than 12 years of age commits a life felony, punishable as provided in s. 775.082(3)(a)4.

(c)1.   An offender less than 18 years of age who commits lewd or lascivious molestation against a victim less than 12 years of age; or

2.   An offender 18 years of age or older who commits lewd or lascivious molestation against a victim 12 years of age or older but less than 16 years of age commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

## II.    Remedy Upon Remand

Having determined that fundamental error occurred, we turn our focus to the remedy upon remand.  The State concedes error as to Lincoln's conviction and sentence but not as to the verdict because the jury instructions and verdict form clearly indicate the jury found every element of the lesser-included crime beyond a reasonable doubt.  Lincoln, on the other hand, argues the verdict, judgment, and sentence were all improper, and must be reversed and remanded for a new trial for several reasons.

But Lincoln's arguments overlook that the State was entitled to an instruction on the lesser-included second-degree offense of lewd and lascivious molestation.  "If an offense meets the criteria for an instruction and verdict choice as either a necessarily or permissive lesser included offense, the State may insist on its inclusion, even over defense objection." *Williams v. State*, 957 So. 2d 595, 599 (Fla. 2007); *see also State v. Johnson,* 601 So. 2d 219, 220 (Fla. 1992) (holding that the State has a right to instructions on permissive lesser-included offenses over defense objection).  The Florida Rules of Criminal Procedure also provide guidance for the court in such situations:

> On an indictment or information on which the defendant is to be tried for any offense the jury may convict the defendant of:
>
> . . . .

8

(b) any offense that as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.

Fla. R. Crim. P. 3.510.  The Florida Rules of Criminal Procedure provide further guidance when considering an indictment or information containing an offense divided into degrees:

If the indictment or information charges an offense divided into degrees, the jury may find the defendant guilty of the offense charged or any lesser degree supported by the evidence.  The judge shall not instruct on any degree as to which there is no evidence.

Fla. R. Crim. P. 3.490.

Section 800.04(5)(a)-(e) clearly divides the crime of lewd or lascivious molestation into degrees based upon the age of the victim and the perpetrator. Therefore, rule 3.490 permits the jury to find the defendant guilty of the offense charged or any offense of a lesser degree that is supported by the evidence.

The jury verdict here was supported by the evidence.  The jury clearly found sufficient evidence for the first and third elements, which are no different than the elements of the crime for which Lincoln was originally charged.  *See* Fla. Std. Jury Instr. (Crim.) 11.10(c).  Thus, it was only the second element, the age of the victim at the time of the offense, that was at issue.  And the victim testified repeatedly that she was twelve at the time of the offense.  That fact is not in dispute.  Thus, the jury was properly instructed on the lesser-included offense based on the evidence

9

presented and found Lincoln guilty of each element required by section 800.04(5)(c)2. And, under rule 3.510(b), Lincoln could be properly convicted of a "lesser included offense of the offense charged in the . . . information" and "supported by the evidence." Accordingly, there was no error in the jury's verdict; rather, the error was in the judgment entered by the court.

### III.    Erroneous Adjudication of Guilt

Although there was no flaw in the jury's verdict, as noted above, the judgment is erroneous because it adjudicates Lincoln guilty of a crime of which he was never found guilty by the jury. The State urges us to use section 924.34, Florida Statues, to correct this error. It argues that section confers authority upon us to reverse and remand for the trial court to enter judgment for the second-degree felony under section 800.04(5)(c)2. While we ultimately agree this is the proper remedy, we cannot arrive at this conclusion using section 924.34 based on the plain wording of the statute. Indeed, section 924.34 applies "[w]hen the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged." But the evidence here did establish the offense for which Lincoln was found guilty. Thus, the statute does not apply.

In the absence of applicable statutory authority, we turn to guiding precedent. Florida courts have long held that "the judgment of the Court must conform to the verdict of the jury." *Holloman v. State*, 191 So. 36, 38 (Fla. 1939); *see also Lewis v. State,* 19 So. 2d 199 (Fla. 1944); *Perkins*, 92 So. 2d at 643. Likewise, Florida courts have long held the "error on the part of the lower Court does not . . . entitle the plaintiff in error to a new trial; but the case will have to be remanded for the pronouncement of proper judgment and sentence." *Holloman*, 191 So. at 38. In *Holloman*, the jury returned a verdict of manslaughter, but the court "adjudged the defendant guilty of murder in the second degree, sentencing him to five years in the State prison." *Id.* at 37. The Florida Supreme Court reversed the judgment and "remanded to the lower Court for the pronouncement of a proper judgment and sentence." *Id.* at 38.

In *Lewis*, the Florida Supreme Court held:

As stated above the charge was breaking and entering with intent to commit a misdemeanor. The verdict was regular in that it found guilt as charged. The judgment of conviction is, 'You, Edgar Lewis, having been convicted by a jury of the crime of Burglary, the Court adjudges you to be guilty.'

No doubt the busy trial judge was misled by the style of 'burglary' upon the information. It was misleading but wholly superfluous inasmuch as the charging part of the information was proper.

It follows that the verdict is good and the judgment is erroneous. The judgment is reversed and the cause remanded for a proper adjudication of guilt and sentence.

11

*Lewis,* 19 So. 2d at 199-200.

In *Starkes v. State*, 438 So. 2d 1004, 1004 (Fla. 2d DCA 1983), the State charged Starkes with sexual battery, aggravated assault, and kidnapping. A jury returned a verdict of guilty as charged on the sexual battery and aggravated assault counts, and found Starkes guilty of false imprisonment, a lesser-included offense of kidnapping. *Id.* The trial judge then announced he was adjudicating the defendant "pursuant to the [j]ury verdict." *Id.* (alteration in original). Through a clerical error similar to the one faced by Lincoln, the trial court entered a conviction for kidnapping instead of false imprisonment. *Id.* On appeal, the court vacated the judgment and sentence for kidnapping and remanded to the trial court "with directions to enter a judgment for false imprisonment and impose a sentence as provided by law." *Id.*

We have established the jury instruction was properly given, and therefore, Lincoln's argument for a new trial fails. We agree with the State that the fundamental error arises from the judgment and sentence, but not the jury's verdict; however, we do not agree that section 924.34 provides the remedy requested. Instead, we have clear precedent to overturn the erroneous judgment and remand to the trial court to enter the proper judgment consistent with the jury verdict.

12

## Conclusion

Because fundamental error occurred when the trial court entered an erroneous judgment inconsistent with the jury verdict, and imposed an improper sentence based on that judgment, we reverse. We remand to the trial court to vacate the judgment and sentence, for preparation of a corrected scoresheet and corrected PSI, and entry of a judgment and sentence for the crime of lewd molestation under section 800.04(5)(c)2. In all other respects, we affirm.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

MIZE and BROWNLEE, JJ., concur.

Howard L. "Rex" Dimmig, II, Public Defender and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and William C. Shelhart, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED